THOMAS R. WHITE, JR., v. THE PECOS LAND AND WATER COMPANY ET AL.

Decided April 6, 1898.

### 1. Corporations—Identity—Judgment.

Plaintiff can not complain of a judgment against a Texas corporation upon his contract with it because recovery was denied him against a corporation of another State which he alleged to be the same thing under another name, since if they are identical he has, in effect, the judgment sought.

### 2. Corporation—Partnership.

Without special authority corporations have no power to enter into partnership, and a petition seeking to recover against one corporation as partner with another with which plaintiff made the contract sued on, is insufficient to fix such liability without alleging charter power to enter into such partnership.

### 3. Corporation—Legal Identity—Pleading.

Two corporations, though organized by the same persons and operated in the same interest, are not for that reason legally identical. See petition, held not to show facts establishing legal identity or agency of one for the other under this rule.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*West & Cochran,* for appellant.

*S. R. Fisher,* for appellees.

KEY, ASSOCIATE JUSTICE.—Thomas R. White, Jr., the appellee, instituted this suit against the Pecos Land and Water Company, the Pecos Irrigation and Improvement Company, the Central Trust Company of New York, the Pecos Valley Railway Company, the Pecos Company, and J. J. Hagerman, and sought a personal judgment against the Pecos Land and Water Company, the Pecos Company, and the Pecos Irrigation and Improvement Company on two promissory notes given for the unpaid purchase money of certain lands situated in Reeves County, in this State. As against the other defendants, nothing was sought, except a foreclosure of the vendor's lien upon the lands.

The notes were executed and signed by the Pecos Land and Water Company, and the Pecos Company agreed to pay the same, in consideration of an extension of time.

The court below sustained a general demurrer and a number of special exceptions interposed by the Pecos Irrigation and Improvement Company to the plaintiff's petition, in so far as the same sought a personal judgment against the company.

With this exception, judgment was rendered for the plaintiff as prayed, and the only question presented by this appeal relates to the action of the court in sustaining the demurrer and exceptions referred to.

. The petition alleged that the Pecos Irrigation and Improvement Company was a corporation duly organized and existing under the laws of the State of Colorado, and the twelfth paragraph of the petition, which is relied on by appellant as fixing the liability of said corporation, reads as follows:

"Twelfth.—Plaintiff avers that in truth and in fact said purchase of land by the defendant, the Pecos Land and Water Company, was made for the use and benefit of the defendant, the Pecos Irrigation and Improvement Company; that in truth and in fact the Pecos Irrigation and Improvement Company and the Pecos Land and Water Company, as partners, are jointly the real purchasers of said land, and that the defendant, the Pecos Irrigation and Improvement Company, is liable for the full amount, principal, interest, and attorney's fees, as well as the amount hereinbefore referred to, paid by this plaintiff as taxes on said land, by reason of the following facts: That the defendant, the Pecos Irrigation and Improvement Company (which will hereafter in this paragraph be styled the Irrigation Company) and the defendant, the Pecos Land and Water Company (which will hereafter in this paragraph be styled the Water Company) are in truth and in fact, one and the same corporation. That said corporations were each organized and created at the same time, and each were incorporated about the same time; that the officers and stockholders of each are, and ever since the organization of each have been, the same persons; that the said Irrigation Company operates in the Territory of New Mexico, and the said Water Company operates in the State of Texas; that said companies, which are in fact one corporation, were formed for the purpose of acquiring, constructing, maintaining, and operating canals, reservoirs, ditches, and all other works for irrigation and for manufacturing and mining, and for domestic and municipal purposes; and that the canals, reservoirs, and ditches, as well as all the other corporeal property of the said two alleged corporations, lie adjacent; the said Water Company claiming to own the ditches, reservoirs, canals, etc., and other corporeal property belonging to said corporation situated in the State of Texas, and which property lies to the North of the Texas & Pacific Railroad track, and in the western valley of the watershed of the Pecos River to the boundary line of New Mexico; while the said Irrigation Company claims to own the canals, ditches, reservoirs, etc., and other corporeal property belonging to said corporation in the Territory of New Mexico, lying between the track of the Pecos Valley Railroad Company and the Pecos River from the boundary line of the State of Texas northward as far as the town of Roswell, in said

Territory; that the main ditches and irrigation canals and works of said two corporations are continuously one and the same, and in this connection plaintiff further avers as a fact that it was in the contemplation of the persons who organized said two companies, and who are now the officers and stockholders of each, to control for their uses, under the guise of corporations, all the lands subject to irrigation within the limits above described, west of the Pecos River, and to develop the same, said lands within that territory being fertile and peculiarly adapted to irrigation purposes, and with that end in view, and for the purpose of controlling the same, so as to have a complete monopoly of the benefits derived therefrom, said persons organized various corporations, and among other corporations so organized by said persons, all of said corporations having the same stockholders and officers, were created and organized the said Irrigation Company and the said Water Company, and said corporations were created and organized by said persons with the same design in mind and for the same purpose. Said persons also created and organized and caused to be incorporated and now own all the stock thereof of other corporations, to wit, the Pecos Company, the Hagerman Irrigation and Land Company, the Pecos Land and Immigration Company, and likewise other corporations, the purpose of all of which was the development of the territory and lands already referred to for the benefit of the parties organizing the same, the stockholders thereof; and plaintiff alleges that the stockholders and officers of all of said corporations have always been and now are the same.

"Plaintiff further alleges that all of said corporations, and especially said Irrigation Company, are liable for plaintiff's debt, herein sued for. The plaintiff charges the fact to be that said Water Company is now and has been for several years past insolvent, but that the said Irrigation Company is now solvent, and that for the purpose of avoiding its just obligations, and especially plaintiff's demand, and in fraud of plaintiff's rights as a creditor, and in fraud of the rights of the other creditors, who with plaintiff are in fact the creditors of said Irrigation Company, the said Irrigation Company now seeks to avoid its just liability, and claims that in truth and in fact it is not liable for the debts of said Water Company; wherefore doth this plaintiff say, that by reason of the facts as hereinbefore set out, and by reason of the fact that the acts of the said Water Company in the purchase of the lands, as hereinbefore alleged, were the acts of said Irrigation Company, and that the said Water Company was acting not only in its own behalf, but as the agent of said Irrigation company, and because said two companies are one and the same, that the said Irrigation Company is liable equally and jointly with the defendant Water Company for the indebtedness herein sued on."

In so far as the petition charges that the Irrigation Company and the Water Company are one and the same corporation, it would seem sufficient to say, if such be the fact, the ruling of the court complained of has resulted in no injury to appellant. He obtained his judgment against the Water Company, and if the two are one and the same corpora-

tion, then appellant already has judgment against the Irrigation Company.

Unless specially authorized to do so, corporations have no power to enter into partnership with other corporations or persons, and as the petition in this case failed to allege any such charter powers, it was insufficient to fix the liability of the Irrigation and Improvement Company as a partner.   Tram Co. v. Bancroft, 16 Texas Civ. App., 170; Taylor on Corp., sec. 13, and notes.

The notes sued on constitute part of a contract for the purchase of real estate in the State of Texas, and it is not alleged that the Irrigation and Improvement Company, which is a foreign corporation, was authorized by its charter to purchase land in this State, and for this reason perhaps the petition was defective, in so far as it sought to charge that the notes were executed by or for the Irrigation and Improvement Company.   Hopper v. Covington, 118 U. S., 151.   However, the facts set out in detail in the petition, which explain and modify the general averments of agency, etc., contained therein, fail to show that the two corporations were one and the same, or that the Water Company was the agent of the Irrigation and Improvement Company.   McTige v. Construction Co., 33 Lew. Rep. Ann., 802; Button v. Hoffman, 61 Wis., 20; Car Co. v. Railway, 115 U. S., 596; Railway v. Cochran, 43 Kan., 225; Construction Co. v. Railway, 34 Law. Rep. Ann., 625; Parker v. Hotel Co., 32 Law. Rep. Ann., 706.

In the case cited in 115 U. S., the Supreme Court, speaking through Chief Justice Waite, said:   "We are also of opinion that the railroad of the St. Louis, Iron Mountain & Southern Company is not controlled by the present Missouri Pacific Company in such a way as to require that company to haul the Pullman cars over it, if the contract is binding on the new company to the same extent it would be on the old were that company still in existence and standing in the place of the new.   Confessedly, the St. Louis, Iron Mountain & Southern Company keeps up its own corporate organization.   It operates its own road.   It has its own officers and makes its own bargains.   The Missouri Pacific owns all, or nearly all its stock, and in that way can determine who shall constitute its board of directors, but there the power of that company over the management stops.   The board when elected has controlling authority, and for its doings is not necessarily answerable to the Missouri Pacific Company.   The two roads are substantially owned by the same persons and operated in the same interest, but that of the St. Louis, Iron Mountain & Southern Company is in no legal sense controlled by the Missouri Pacific.   It is true the bill avers in many places and in many ways that the purchase of the stock of the St. Louis, Iron Mountain & Southern was made by the Missouri Pacific Company for the purpose and with the intent of getting the control of the road of the St. Louis, Iron Mountain & Southern, and that the case is before us on demurrer to the bill. A demurrer admits all facts stated in the bill which are well pleaded, but not necessarily all statements of conclusions of law.   What was ac-

tually done is stated clearly and distinctly.   The effect of what was done is a question of law, not of fact.   It is a matter of no importance what the purpose of the parties was, if what they did was not sufficient in law to accomplish what they wanted.   When there is doubt, the purpose and intention of the parties may sometimes aid in explaining what was done, but here there is no need of explanation.   The Missouri Pacific Company has bought the stock of the St. Louis, Iron Mountain & Southern Company, and has effected a satisfactory election of directors, but this is all.   It has all the advantages of a control of the road, but that is not, in law, the control itself.   Practically it may control the company, but the company alone controls its road.   In a sense the stockholders of a corporation own its property, but they are not the managers of its business or in the immediate control of its affairs.   Ordinarily they elect the governing body of the corporation, and that body controls its property.   Such is the case here.   The Missouri Pacific Company owns enough of the stock of the St. Louis, Iron Mountain & Southern to control the election of directors, and this has been done.   The directors now control the road through their own agents and executive officers, and these agents and officers are in no way under the direction of the Missouri Pacific Company.   If they or the directors act contrary to the wishes of the Missouri Pacific Company, that company has no power to prevent it, except by the election, at the proper time and in the proper way, of other directors, or by some judicial proceeding for the protection of its interests as a stockholder.   Its rights and its powers are those of a stockholder only.   It is not the corporation in the sense of that term as applied to the management of the corporate business or the control of the corporate property."   .

We deem it unnecessary to indulge in any extended discussion of the question of fraud.   The petition fails utterly to show that the Irrigation and Improvement Company or anyone else has defrauded the plaintiff, and the exception addressed to that part of the petition was properly sustained.

In conclusion, it is proper to say that we do not hold that when a corporation has obtained and appropriated to its own use the property of another, it can not be held responsible for the value thereof, even if in doing so it exceeded its charter powers.   Such is not the case in hand. The judgment appealed from subjects the lands, which were the consideration for the notes sued upon to the payment of the debt, not only as against the maker of the notes, but also as against the Irrigation and Improvement Company and all the other defendants; and the question to be decided is not whether the Irrigation and Improvement Company shall be required to pay the reasonable value of the land, but whether or not it is bound by a written contract to which it is not shown to be a party.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.