SOUTHERN OIL & GAS CO. v. MEXIA OIL & GAS CO. et al. (No. 7498.)

(Court of Civil Appeals of Texas. Dallas. May 20, 1916.)

1. INJUNCTION ⬳122—PLEADING—ANSWER —SUFFICIENCY OF VERIFICATION.

Since Vernon's Sayles' Ann. Civ. St. 1914, art. 4663, provides that defendant in an injunction proceeding may answer as in other civil actions, but that no injunction shall be dissolved before final hearing because of a denial of the material allegations of the plaintiff's petition, unless the answer denying them is verified by defendant, and article 4649 provides that no writ of injunction shall be granted unless the applicant presents a petition verified by his affidavit, the test of sufficiency of an affidavit under article 4649 being whether an indictment for perjury would lie if the oath is false, an answer denying the allegations of a properly verified petition for injunction, if supported only by an affidavit on information and belief, is insufficient as a denial, since it is to be tested by the same rule as is applicable to the petition, and an affidavit on information and belief being insufficient to support an indictment for perjury, though false.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ⬳122.]

2. INJUNCTION ⬳122 — PLEADING — SUFFICIENCY OF VERIFICATION.

The general rule is that an affidavit on mere information and belief, without supporting affidavits of the informants, is not sufficient in injunction cases.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 262–268; Dec. Dig. ⬳122.]

3. APPEAL AND ERROR ⬳954(2)—REVIEW— DISCRETIONARY ORDERS — TEMPORARY INJUNCTION.

Since the granting of a temporary injunction is a matter resting very largely in the sound discretion of the court, its refusal, especially when it is asked on the sworn petition of the complainant unsupported by other testimony, will not be disturbed on appeal, unless it clearly appears that such discretion has been abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3818; Dec. Dig. ⬳954(2).]

4. INJUNCTION ⬳144—TEMPORARY INJUNCTION—PLEADING—SUFFICIENCY.

Where the petition of a corporation for an injunction against other corporations and individuals, claiming that they were engaged in a partnership or joint enterprise, showed merely that the plaintiff and defendants entered into separate contracts with the same third person, and exhibited with the petition were other contracts purporting to change their rights under the alleged contracts which were not signed by any of the parties defendant, and the petition sought to restrain action under an alleged exclusive contract between defendants, but failed to set out such alleged contract or state the reason for such failure, it was not sufficiently clear in showing a joint enterprise or a partnership as to show abuse of the court's discretion in refusing a temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 316, 317, 321; Dec. Dig. ⬳144.]

5. PARTNERSHIP ⬳120—PLEADING—SUFFICIENCY.

The petition of a corporation alleging partnership relations between it and the defendant corporations and individuals, which failed to allege that plaintiff and defendants, or either of them, had entered into an agreement to jointly work and conduct their businesses, and failed also to allege charter powers in either of the corporations to enter into private partnerships, is insufficient to show partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 182, 183; Dec. Dig. ⬳120.]

6. CORPORATIONS ⬳379—POWERS—PARTNERSHIPS.

Without express charter power to enter a private partnership, a corporation would be unauthorized to do so.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1538; Dec. Dig. ⬳379.]

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit for an injunction by the Southern Oil & Gas Company against the Mexia Oil & Gas Company and others. From an order denying the temporary injunction prayed for, plaintiff appeals. Affirmed.

Cooper & Merrill, of Houston, for appellant. W. J. McKie, of Corsicana, and W. M. White, of Mexia, for appellees.

TALBOT, J. This appeal is from an order of the judge of the district court of Limestone county, Tex., made on the 26th day of May, 1915, and entered of record on the 28th day of May, 1915, refusing to grant an injunction in favor of the appellant restraining the appellees Mexia Oil & Gas Company and Texas Gas Company, and the officers and agents of each, from carrying into execution a certain alleged contract between appellees by which it is claimed appellant, as the owner of certain gas wells in what is designated as the Mexia gas field, would be excluded from participating in the market afforded for the natural gas to be obtained from said wells by the construction of a pipe line from said field to the city of Waco, Tex., by the appellee Texas Gas Company.

The appellant's petition alleges in substance, so far as necessary to state for the purposes of this appeal, that it and the appellees, Mexia Oil & Gas Company and Texas Gas Company, are corporations created under and, by virtue of the laws of Texas; that there exists in Limestone county, Tex., a certain gas field known as the Mexia gas field; that the appellant and Central Texas Gas Company and the appellee Mexia Oil & Gas Company own and control almost the entire field and output; that on or about the 10th day of November, 1913, being desirous of securing a market for their supply and output of natural gas, and particularly desirous of securing means of transportation for said gas from the wells to the city of Waco, each of said companies entered into a contract in writing with one T. J. Driscoll, whereby each of them separately and independently agreed with the said Driscoll to sell to him all the natural gas produced by said companies from their respective wells held in said gas field and the said Driscoll obligated himself to buy said gas and to pay therefor the sum of five cents per 1000 cubic feet, and, further, that he would immediately begin the work of securing necessary franchises, make necessary surveys, and would procure right of way for his pipe lines and push the work of laying said pipe lines as rapidly as practicable, and to begin to take natural gas from said field on or about the 1st day of July, 1914; that each of said contracts so entered by the parties was to continue in effect during the life and productiveness of said field, not to exceed 50 years from date of contract, and provided for the right of the said Driscoll to sell or assign his rights under said contracts. A copy of the contract entered into between appellant and the said Driscoll is attached to and made a part of the petition marked Exhibit A, and it is alleged that the contract entered into by and between said Driscoll and the Central Texas Oil Company and the Mexia Oil & Gas Company were of similar import and meaning in all respects as the appellants with the said Driscoll. It is further alleged, in substance, that each of said contracts was entered into with the full knowledge and consent of each of said companies, and made in contemplation of and with the understanding on the part of the said Driscoll and each of said companies that a trunk pipe line would be constructed from said gas field to the city of Waco; that on or about the 17th day of February, A. D. 1914, a certain supplemental contract in writing marked Exhibit B and made a part of the petition was entered into between said three gas companies on the one part, and the said T. J. Driscoll on the other part, reciting the existence of the three contracts entered into between each of said companies and the said Driscoll, and stipulating for a change in said contracts so that the same should thereafter provide that the said Driscoll and his assigns, in handling the output of the said three oil and gas companies, should accept from each of said companies and each of said companies should have the right, under the terms of said contract, to furnish the said Driscoll and his assigns an equal one-third of the gas handled by the said Driscoll and his assigns through said pipe lines. The petition further alleges that on or about the 9th day of April, 1914, there was entered into a certain supplemental agreement in writing marked Exhibit C and made a part of the petition, to which appellant, the appellee Mexia Oil & Gas Company, the Central Texas Oil Company, the said T. J. Driscoll, and the appellees Burke Baker and R. H. Baker, were each a party; that said supplemental agreement referred to the three original contracts of date November 10, 1913, and said supplemental contract of date February 17, 1914, and provided that said supplemental contract of February 17, 1914, should be annulled in all respects except in so far as it coincided with the original contracts as modified by the agreement of April 9, 1914; that said Driscoll had sold to the said Burke Baker and R. H. Baker all his rights in and to said contracts and agreements, and that each of said oil and gas companies consented to the said sale and accepted the said Bakers as obligators under the terms of said agreement; that the said Bakers obligated themselves and their assigns to carry out the terms of the three contracts of date November 10, 1913, as modified; that the said contracts of November 10, 1913, should be further changed so thereafter the same should provide that should the said Driscoll and the said Bakers, or their assigns, construct a pipe line then contemplated to the town of Waco, that the said three oil and gas companies should have the right to furnish and supply all the gas used and furnish the said pipe lines to the extent of their capacities, each of said companies to furnish gas share and share alike, etc., and that as between the appellant, the Southern Oil & Gas Company, and the Central Texas Oil Company and the said Burke Baker and R. H. Baker, or their assigns, the purchasers should not be obligated to begin taking gas from such

companies until August 1, 1914, and that the said purchasers, or their assigns, should have the right to extend the terms and provisions of said contract for a term of not exceeding five months thereafter by the payment of $50 per day each to the said Southern Oil & Gas Company and the Central Texas Gas Company for each day after August 1, 1914, that they should fail to take gas under the terms of the original contract. It is further alleged that immediately after the execution of said contract of April 9, 1914, the said Bakers began the work of procuring right of way for the pipe line from said gas field to the city of Waco; that at the instigation of the said Bakers the title to said right of way was taken in the name of Hope Engineering & Construction Company, a foreign corporation domiciled in the state of Pennsylvania, acting as trustee for said Bakers and their assigns; that the said Bakers requested and received valuable assistance from each of said oil and gas companies in the work of procuring such right of way for use under the terms of said agreements as modified and supplemented; that by reason of the matters and things alleged the appellant and the Mexia Oil & Gas Company and the Central Texas Oil Company became jointly interested in the contract assumed by the said Bakers, and the performance of said contract as modified by the supplemental agreement of April 9, 1914, became, on the part of said companies, a joint adventure in which each and all were interested jointly with each other in and to all the benefits and rights accruing to said oil companies by virtue of the execution of said contract and the obligations therein assumed on the part of the said Bakers to furnish a market for the gas produced by said three companies from said Mexia oil field. The petition further alleges that after August 1, 1914, the said Burke Baker and R. H. Baker abandoned their personal efforts to carry out the terms of said contract for the construction of the pipe line from the Mexia gas field to the city of Waco and the use of the right of way for such purpose and caused said right of way to be conveyed by the Hope Engineering & Construction Company to one T. N. Barnsdall, who afterwards conveyed the same to the appellee Texas Gas Company; that said Texas Gas Company was organized with authority to own and operate pipe lines for the transportation of gas within the state of Texas, and that the principal object and purpose of its creation was to take over said right of way and to construct and operate the pipe line contemplated under the terms of appellant's contract with the said Driscoll and Bakers from the said gas field to the city of Waco, and for the purpose of disposing of such natural gas on the market of said city; that said Texas Gas Company took over the right of way with the knowledge of the rights of the appellant, and thereafter constructed said pipe line, using the said right of way for the purpose of transporting gas from said Mexia gas field to the city of Waco; that about the 6th day of October, 1914, the appellee Mexia Oil & Gas Company entered into a contract in writing with the said T. N. Barnsdall, whereby said Mexia Oil & Gas Company agreed to sell to the said T. N. Barnsdall the entire gas production developed in the Mexia gas field as needed by the said Barnsdall for transportation in said pipe line to the said city of Waco, except one-fourth of said production reserved to supply the city of Mexia, and bound itself not to sell to any other person or persons than said Barnsdall, the said Barnsdall agreeing to purchase said gas and pay therefor at the price of four cents per 1,000 cubic feet under a five-pound pressure; that said contract so entered into, while taken in the name of T. N. Barnsdall alone, was intended for the use and benefit of the Texas Gas Company, which was then in course of organization, but not in actual legal existence; that upon the creation of the said Texas Gas Company by the filing of its charter said contract between the said Mexia Oil & Gas Company and the said T. N. Barnsdall was conveyed by the said Barnsdall to said Texas Gas Company and accepted by said company with full knowledge of the rights and equities of appellant under and by virtue of its part ownership of said natural gas field and its joint interest with the said Mexia Oil & Gas Company and Central Texas Oil Company in the contracts alleged for the construction of said pipe line to the city of Waco; that by virtue of the matters alleged by appellant the said Texas Gas Company became bound to appellant to take from it one-third of the gas required to supply its market through said pipe line from the Mexia gas field to the said city of Waco, but that by reason of the said exclusive contract between the said Mexia Oil & Gas Company and the said T. N. Barnsdall, of which the said Texas Gas Company is now the owner, the said Texas Gas Company is asserting that it is in no way bound or obligated to said Mexia Oil & Gas Company to take from it all the gas used by said Texas Gas Company to supply the markets reached by said pipe line; that said pipe line is now in actual course of construction and will soon be completed; that appellees Mexia Oil & Gas Company and Texas Gas Company are preparing and threatening to carry out said exclusive contract and exclude appellant from the benefits of the markets thus afforded, and will do so unless restrained by injunction; that the Mexia Oil & Gas Company has a large number of wells upon its leases which tap the same gas pool or field into which the wells of appellant are drilled, and that by reason of the elusive nature of natural gas the wells of the Mexia Oil & Gas Company, if operated under the terms of said exclusive contract with the Texas Gas Company, will take from the ground not only gas underlying the land

owned and controlled by the Mexia Oil & Gas Company, but also all of the gas underlying the leases owned and controlled by appellant; that appellant has no other market for its said gas save and except through said pipe lines. Appellant further alleges that it has expended large sums of money in procuring its leases and in drilling its wells and developing its property in the production of natural gas; that if the said Texas Gas Company and the said Mexia Oil & Gas Company be permitted to carry out the terms of said exclusive contract appellant will suffer irreparable injury; that the execution of the three contracts of date the 10th day of November, 1913, and the supplemental contract of date the 9th day of April, 1914, constitute appellant and the appellees Mexia Oil & Gas Company and Central Texas Oil Company, as among themselves, copartners within the meaning of the law governing mining enterprises and vested in each of said companies a legal right to share and participate equally with others in the market afforded by the construction of said Waco pipe line; that the appellant, Mexia Oil & Gas Company, in entering into said exclusive contract of date October 6, 1914, breached said agreement and supplemental contract and rendered the consummation of said joint adventure impossible on the part of appellant, except through the intervention of a court of equity; that the making of said exclusive contract and the transfer of said right of way was the result of a conspiracy and fraudulent agreement and design for the fraudulent purpose of defeating the rights of the appellant to participate in the benefits of a joint sale of its product and to the financial gain of said conspirators; that by reason of the facts alleged appellees Mexia Oil & Gas Company, Texas Gas Company, and Burke Baker and R. H. Baker became and are liable to appellant, jointly and severally, for all the damage suffered by reason of the breach of said contract, which is alleged to be more than $50,000. The prayer is for an injunction for the damages claimed and for general and special relief.

The appellant's petition was presented to Hon. A. M. Blackmon, judge of the Seventy-Seventh judicial district, on the 15th day of May, 1915, and he thereupon directed that the same be filed, and that notice issue to the appellees to appear on the 26th day of May, 1915, at 10 o'clock a. m. at the courthouse in Groesbeck, Limestone county, Tex., and show cause, if any existed, why the injunction prayed for by appellant should not be granted. On said 26th day of May, 1915, the appellees Mexia Oil & Gas Company and Texas Gas Company appeared and filed a joint answer together with separate answers for each, in which practically all of the material allegations of the appellant's petition were denied. It does not appear that the other appellees answered at all. The appellant's petition was properly verified. The

186 S.W.—29

joint and separate answers of the appellees Mexia Oil & Gas Company and the Texas Gas Company were verified upon the "information, knowledge, and belief" of the affiant. Appellant filed a supplemental petition which, by demurrer, called to the attention of the trial court the fact that the answers of the appellees were verified as stated. The application of the appellant for the temporary writ of injunction prayed for was submitted on the day it was set down for hearing, upon the petition and answer alone, no other evidence being introduced, and the injunction refused. In the judgment rendered it appears that the demurrer of the appellant to the answers of appellees was overruled, and that he excepted to that action of the court.

[1, 2] Appellant has filed briefs in this court in which it urges several propositions in support of its contention that the district judge erred in refusing to grant the temporary injunction sought. These several propositions will not be taken up and discussed in detail. The answers of the appellees were not verified by such an affidavit as to permit the consideration of them as a denial of the material allegations of the appellant's petition, and, the application for the injunction having been submitted on the pleadings alone, the question for decision is whether or not the case made by the appellant was so perfectly clear as to entitle it to the writ as a matter of right. Our statute provides that the defendant to an injunction proceeding may answer as in other civil actions, but that no injunction shall be dissolved before final hearing because of a denial of the material allegations of the plaintiff's petition, unless the answer denying the same is verified by the oath or affirmation of the defendant. Article 4663, Vernon's Sayles' Texas Civil Statutes. Likewise, article 4649 of the same statute provides that no writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge, verified by his affidavit. The test of the sufficiency of the affidavit in the latter case, according to the decisions of the appellate courts of this state, is:

"That the affidavit of the facts sworn to must be so direct and unequivocal as that an indictment for perjury would lie, if the oath is falsely made." Pullen v. Baker, 41 Tex. 419; Moss v. Whitson, 130 S. W. 1034; Clarey v. Hurst, 136 S. W. 840; Smith v. Banks, 152 S. W. 449.

That test is not met by the affidavits made to the appellees' answers, and while we have not been cited to a parallel case and are aware of none, we think the same rule should be applied in determining the sufficiency of the affidavit to a defendant's answer to authorize the consideration of the same as a denial of the material allegations of the plaintiff's petition in an injunction proceeding as is applied in testing the sufficiency of the affidavit of the plaintiff's petition to warrant the issuance of the writ of injunction

prayed for in such a proceeding on the sworn petition of the plaintiff. We can see no good reason why the same rule should not apply in both cases. It is the general rule that an affidavit on mere information and belief, without supporting affidavits of the informants, is not sufficient. High on Injunction, § 1569; Beach on Injunction, § 136.

[3-6] The question then is: Do the sworn pleadings of the appellant so clearly show that it was entitled to the temporary writ of injunction prayed for as deprived the district judge of any discretion in the matter and required the granting of the same? We are not prepared to answer this question in the affirmative. The granting of a temporary injunction is a matter resting very largely in the sound discretion of the court and its refusal, especially when asked for on the sworn petition of the complainant unsupported by other testimony, will not be disturbed on appeal, unless it clearly appears that such discretion has been abused. The record in this case does not, in our opinion, present such a clear case of abuse of the district court's discretion as would authorize this court to set aside the action of that court in refusing the temporary injunction. This is true, even though, as an original proposition, we might have reached a different conclusion from that reached by the district court. The trial court, by its ruling, in effect, says that, in the opinion of that court, it does not appear by the allegations of the appellant's petition that its right to the temporary injunction is perfectly clear, and we are not prepared to challenge the correctness of that conclusion. It is not by any means clear, as contended by appellant's counsel, that the three gas producing companies involved in this litigation, when they entered into the contracts attached as exhibits to and forming a part of the appellant's petition, became partners within the meaning of the mining law in the development of the Mexia gas field, and were, under the terms of said contracts, to share equally in the result of securing a market for the gas produced by their respective wells. Nor do we think it clearly and unmistakably appears that the effect of said contracts was to render the development of the Mexia gas field and securing a market for its product a joint enterprise on the part of said three gas companies. The contracts alleged to have been made with T. J. Driscoll on the 10th day of November, 1913, were according to appellant's allegations, separate and independent contracts entered into by the respective gas companies with the said Driscoll, and the contracts of date February 17, 1914, and of date April 9, 1914, which are attached to and made a part of the appellant's petition, are not signed by either Driscoll, the Bakers, or Texas Gas Company. The alleged exclusive contract charged to have been entered into between the appellee Mexia Oil & Gas Company and the appellee Texas Gas Company was not attached as an exhibit to appellant's petition and made a part of the same, and no reason or excuse for its not being so attached or produced at the hearing of the application for the temporary injunction is shown. In view of such a presentation of the appellant's application, it is not unreasonable or improbable to suppose that the trial court concluded that the evidence offered in support thereof did not conclusively or clearly show either a partnership or a joint enterprise on the part of the appellant and appellees to develop the Mexia gas field and secure a market for its products, or the execution of the alleged exclusive contract. The appellant predicates its right to the temporary injunction asked upon the charge that the effect of the contracts attached to its petition marked exhibits A, B, and C and made a part thereof was to constitute the appellant and appellees partners in the development of the Mexia gas field and the securing of a market for the gas obtained therefrom; that the action of the Mexia Oil & Gas Company in entering into the alleged exclusive contract under which the appellee Texas Gas Company was asserting its right to take gas from the Mexia Oil & Gas Company alone constituted a breach of such contract; that the alleged exclusive contract is void, in so far as it undertakes to exclude appellant from participation in the benefit of market afforded by the pipe line to the city of Waco, and in the exercise of its discretion the trial court, upon the showing made, held that appellant was not entitled to bring to its aid in the enforcement of its alleged claim the extraordinary remedy of injunction, and we do not believe that we should disturb that holding. It would seem that the facts pleaded by the appellant do not constitute it and the appellee Mexia Oil & Gas Company or other appellees partners as contended. Kahn v. Smelting Co., 102 U. S. 641, 26 L. Ed. 266; 22 Am. & Eng. Enc. Law (2d Ed.) 226; 27 Cyc. 755; Randall v. Merideth, 76 Tex. 683, 13 S. W. 576. There is no allegation in appellant's pleading that the appellant and appellees, or either of them, had entered into an agreement to jointly work and conduct their respective gas wells. Again, the appellant and the appellees Mexia Oil & Gas Company and Texas Gas Company are separate private corporations and there is no allegation or proof that either of them was authorized by its charter to enter into private partnerships, and without such authority being so conferred they would not be authorized so to do. 22 Am. & Eng. Enc. Law (2d Ed.) 70; Sabine Tram Co. v. Brancroft, 16 Tex. Civ. App. 170, 40 S. W. 837; White v. Pecos Land & Water Company, 18 Tex. Civ. App. 634, 45 S. W. 207. In the last-cited case it is said: '

"Unless specially authorized to do so, corporations have no power to enter into partnership with other corporations or persons, and as the petition in this case failed to allege any such

charter powers, it was insufficient to fix the liability of the Irrigation & Improvement Company as a partner."

It must be understood that the views expressed in this opinion are based upon the condition of the record now before us. Whether the appellant will be entitled to the permanent injunction prayed for will depend upon the sufficiency of the evidence introduced upon the trial of the case on its merits in the district court to authorize such relief.

For the reasons indicated the judgment of the court below denying the temporary injunction is affirmed.

Affirmed.