**THOMAS v. SOUTHERN LUMBER CO.
et al.**

No. 2602.

Court of Civil Appeals of Texas. Waco.
May 25, 1944.

Gilbert T. Adams, of Beaumont, for appellant.

Holland, Strasburger, Price & Holland, of Dallas, and Lamar Cecil, of Beaumont, for appellees.

HALE, Justice.

Amelia Thomas sued Southern Lumber Company and T. M. Hammon for damages on account of injuries resulting in the death of her son, Nolan Thomas. As grounds of recovery she alleged in substance that at the time her son sustained his injuries he was riding in a truck belonging to defendants which was being operated over a public highway en route from Beaumont to Paris, Texas, by their employee, Herman Frederick; as the driver rounded a curve going down hill he discovered a stream of water across the highway from which a bridge had been removed and in an effort to make a detour leading off from the highway he drove the truck into a ditch; her son customarily accompanied the driver on various hauls of lumber with the knowledge and consent of defendants and for their benefit in assisting the driver; the defendants and their driver were negligent on the occasion in question in operating the truck at an excessive rate of speed, in failing to keep a proper lookout, or to have the truck under control, in failing to have brakes on the trailer and booster brakes on the truck, in failing to have the emergency brakes on the truck in good working order and in failing to have the trailer fastened to the truck with a pin; and that such negligence constituted the proximate cause of the injuries and damages complained of. She further alleged, in the alternative, that if she was not entitled to recover on the foregoing grounds then the above negligent acts and omissions "were done and permitted through a heedless and reckless disregard of the safety and welfare of those aboard said vehicle." Defendants answered with a general denial, pleas of unavoidable accident, assumed risk, contributory negligence and specifically alleged that Nolan Thomas was riding on the truck at the time of his injury knowing his conduct in doing so was in direct violation of written and oral instructions given to the driver by his employer.

The case was tried before a jury. Upon the conclusion of the evidence adduced on behalf of plaintiff each defendant seasonably presented a separate motion for directed verdict based upon the grounds hereinafter discussed. The court granted both motions, peremptorily instructed the jury to return their verdict in favor of defendants, rendered judgment accordingly and plaintiff has appealed.

Appellant says the judgment should be reversed because Art. 6701b of Vernon's Tex.Ann.Civ.Stats., known as the Guest Statute, has no application to the facts of this case and the evidence was sufficient to raise issues of negligence and proximate cause against each appellee; and because if the Guest Statute is applicable, the evidence was sufficient to raise issues of fact determinative of the legal liability of each appellee within the meaning of the statute. On the other hand, appellees say the judgment should be affirmed because the evidence showed conclusively that Southern Lumber Co. had nothing to do with the ownership, operation or control of the truck; the driver was not acting in the course of his employment as an employee of Hammon in permitting Nolan Thomas to ride on the truck; Nolan Thomas knew he and the driver were violating the latter's instructions from his employer and, having aided the driver in thus violating such instructions, he and those claiming under him could not take advantage of his

own wrong; Nolan Thomas was a gratuitous guest of the driver but not of appellee Hammon; and that Nolan Thomas, being a trespasser in so far as appellee Hammon was concerned, took the ride on the truck with the risk and hazard incident to such trip.

As we view the record in this case a correct disposition of the appeal turns upon the legal relationship existing between appellees, Herman Frederick and Nolan Thomas at the time when the injuries complained of were sustained and the duty, if any, which the former owed to the latter by reason of such relationship. It is fundamental that no act or omission can be wrongful within the meaning of the law of torts so as to form the basis of recovery for damages unless such act or omission involves the violation or neglect of some legal duty which the person sought to be charged therewith owes to the injured party at the time and place of injury. In the absence of any such duty or of injury resulting from its breach, there can be no actionable negligence and hence no legal liability or right of recovery for damages. Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S.W. 540, point 1, 45 L.R.A., N.S., 303; T. J. Mansfield Const. Co. v. Gorsline, Tex.Com.App., 288 S.W. 1067, point 3; Gulf, C. & S. F. R. Co. v. Bell, Tex.Civ.App., 101 S.W.2d 363, error dismissed; Lone Star Gas Co. v. Kelly, Tex. Civ.App., 166 S.W.2d 191.

The evidence wholly failed to show that Southern Lumber Co. owned the truck or any interest therein or that it had or attempted to exercise any right of control over the driver thereof. On the contrary, all of the testimony showed affirmatively the the truck belonged to Hammon, that the driver was his employee and was subject alone to his supervision and control. As we understand appellant's brief she concedes such to be the state of the evidence but insists that the facts thus shown were precluded against appellees by the pleadings because she alleged other facts which showed the Southern Lumber Co. to be a partner with Hammon and since the alleged partnership was not denied under oath as required by Subdiv. f of Rule 93, Tex.Rules of Civil Procedure, appellees could not submit proof to the contrary. Therefore, she says it must be conclusively presumed that Southern Lumber Co. was a partner with Hammon and was jointly liable with him for his negligence and that of his employee.

We cannot agree with the foregoing contentions for several reasons. In the first place, appellant alleged that Southern Lumber Co. was a Texas corporation. It appears to be the settled rule in this state that a domestic corporation, in the absence of express authority in its charter, cannot form a partnership with another corporation or individual. Sabine Tram Co. v. Bancroft, 16 Tex.Civ.App. 170, 40 S.W. 837, error refused; White v. Pecos L. & W. Co., 18 Tex.Civ.App. 634, 45 S.W. 207, error refused; Murray Ginning System Co. v. Exchange Nat. Bank, Tex.Civ. App., 61 S.W. 508; Ogus, Rabinovich & Ogus Co. v. Foley Bros. Dry Goods Co., Tex.Civ.App., 241 S.W. 267; Id., Tex. Com.App., 252 S.W. 1048; Buffington v. American Grocery Co., Tex.Civ.App., 81 S. W.2d 808, error dismissed. Furthermore, appellant did not expressly plead any partnership relation and the only facts relied upon to constitute such relationship were the allegations that appellees were the owners of the truck and that the same was being jointly operated by them for their mutual benefit. In our opinion, such allegations did not constitute a plea of partnership within the meaning of Rule 93, Tex. Rules of Civil Procedure. Moreover, appellant did not object to the introduction of the evidence on the ground that it was not raised by the pleadings, nor did she point out any defect in the pleadings with respect to this issue as required by Rule 90, Tex.Rules of Civil Procedure. Had she done so, appellees could have clearly joined the issue by trial amendment. Rule 66, Tex.Rules of Civil Procedure; Bradley v. Freeman, Tex.Civ.App., 163 S.W.2d 693; Norwood Bldg., Inc. v. Jackson, Tex. Civ.App., 175 S.W.2d 262, error refused. We think the issue was tried by the implied consent of the parties and should be treated in all respects as having been properly raised by the pleadings. Rule 67, Tex. Rules of Civil Procedure; Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corporation, Tex.Civ.App., 165 S. W.2d 221, error refused; Yellow Cab & Baggage Co. v. Brennan, Tex.Civ.App., 171 S.W.2d 891, error refused; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212, error refused. Since the evidence showed conclusively that Southern Lumber Company had nothing to do with the ownership, op-

eration or control of the truck and hence no duty to perform in connection therewith, we hold that the trial court correctly directed jury to return their verdict in its favor.

Appellant tendered Herman Frederick, a colored man twenty-five years of age, as a witness. He testified on direct examination that he was a cousin of Nolan Thomas who was fifteen years of age; that he was employed by Mr. Hammon to drive the truck on the occasion in question; the truck was equipped with hydraulic brakes but the emergency brake was not in working order; the trailer attached to the truck was loaded with twelve or thirteen thousand feet of lumber and it was not equipped with any brakes; at about 10:30 a. m. on the morning of the accident as he was proceeding down-hill along the highway at a speed of 35 or 40 miles per hour he discovered a bridge had been removed from the highway at a point about 200 yards ahead of him; he immediately applied the brakes on the truck and it began to slow down but he was unable to come to a stop before reaching a detour leading off from the highway around the bridge; in an effort to drive over a small culvert on the detour he missed the culvert and hit the ditch by the side of the highway thereby causing the trailer and lumber to crash into the truck and to strike Nolan who was asleep on the seat beside him; Nolan had accompanied him on several previous trips which he had made in hauling lumber for Mr. Hammon and on such occasions the boy would at some times put oil into the truck and on some occasions had helped unload the lumber at its destination. This witness further testified on cross-examination that Mr. Hammon had instructed him not to take any one with him on any of these trips and not to permit any one to ride in the truck with him and that Nolan knew of such instructions; the truck carried a "No Riders" sign on its windshield; on each occasion when Nolan had gone with him on these trips Nolan would get into the truck at some point after it had left Mr. Hammon's place of business and would leave the truck before returning to Mr. Hammon's place of business; Mr. Hammon had no knowledge that Nolan had ever made a trip with the witness and he had not consented thereto at any time; and on the occasion in question the witness was taking Nolan along with him for "company." There was no evidence other than the testimony of this witness tending to explain or account for Nolan's presence in the truck at the time of the accident.

In order to impute the torts of Frederick to Hammon under the common-law doctrine of respondeat superior so as to impose legal liability against the latter for the damages sustained in this case, it was necessary for appellant to prove that Frederick was acting in the course of his employment and within the scope or apparent scope of his actual or implied authority as the servant, agent or employee of Hammon at the time when he committed the wrongful acts complained of. Not only was there no evidence showing or tending to show that Frederick had any authority as the agent or employee of Hammon to employ, invite or permit Nolan Thomas to accompany him on the occasion in question or at any other time but the undisputed testimony showed the contrary. Under similar circumstances it has been held that the owner of a truck is not liable for damages on account of injuries resulting from the negligence of his driver when such injuries are sustained by one who is riding in the truck without the owner's knowledge or consent and contrary to the owner's positive instructions. Magnolia Petroleum Co. v. Winkler, Tex.Com.App., 40 S.W.2d 831; Kirklin v. Standard Coffee Co., Tex.Civ.App., 114 S.W.2d 263.

Since the undisputed evidence further showed that Nolan Thomas knew Frederick was violating the instructions of his employer in permitting him to ride in the truck, it cannot be said that Frederick was thereby acting within the apparent scope of his implied authority or that Nolan Thomas thereupon became an invitee of Hammon. Although permitted or invited by Frederick to ride, such permission or invitation was without any authority, express or implied, from Frederick's employer. Therefore, if the presence of Nolan Thomas in and upon the truck did not place him in the position of a bare trespasser then he was at most a mere licensee in so far as Hammon was concerned and from the standpoint of Hammon's liability he was required to take the truck and trailer as he found them, together with the attendant dangers ordinarily incident to their usual operation. The owner of property devoted to and used exclusively for private purposes owes no duty to a mere licensee other than the duty not to injure

such licensee wilfully, wantonly, or through gross negligence. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am. St.Rep. 611; Dobbins v. M., K. & T. R. Co., 91 Tex. 60, 41 S.W. 62, 38 L.R.A. 573, 66 Am.St.Rep. 856; Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073. Gross negligence is such affirmative, wanton, heedless and reckless misconduct as to indicate a conscious indifference to consequences. Missouri Pac. R.. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408; Texas Pacific Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, error dismissed.

 Art. 6701b of Vernon's Tex. Ann.Civ.Stats. provides that "no person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." In construing this statute our courts have repeatedly held that heedlessness and reckless disregard of the rights of others implies wanton misconduct embodying the same concept as gross negligence. Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022 and authorities; Mayer v. Johnson, Tex.Civ.App., 148 S.W. 2d 454, error refused; Wright v. Carey, Tex.Civ.App., 169 S.W.2d 749. Thus the legal duty which the owner or operator of a motor vehicle owes to a gratuitous guest is practically the same as that which the owner of real property used for private purposes owes to a mere licensee. Hence it appears to be immaterial in this case from the standpoint of Hammon's liability for the torts of Frederick whether Nolan Thomas be regarded as a trespasser, licensee, or guest in the truck because the test of such liability would be practically the same in either of these contingencies.

 There was no evidence that the injuries complained of were intentionally or wilfully inflicted and we do not think the evidence was sufficient to form the basis for a legal inference that any or all of the alleged negligent acts or omissions amounted to such wanton misconduct on the part of any one as to constitute gross negligence. There being no evidence of the breach of any duty which Hammon owed to Nolan Thomas under the circumstances, there was no controlling issue of fact to go to the jury and consequently it became the duty of the court to direct the verdict in favor of appellee Hammon.

 Appellant also says the judgment should be reversed because the court erred in refusing to permit the witness Avery to express his opinion that the method of attaching the trailer to the truck was dangerous, was not an approved method and was calculated to cause injury. The evidence showed that the trailer was attached to the truck by the use of a piece of metal 8 to 10 inches high and 20 to 24 inches wide which fitted into a groove in the back of the truck. The witness had not seen the attachment which was being used at the time of the accident and testified under questioning by the court touching his qualification as an expert that he had never had any actual experience in the operation of such connections. We do not think the court erred in excluding his offered testimony. But if so, such error was harmless because even though the testimony had been admitted it would nevertheless have been the duty of the court with such evidence in the record to direct the jury to return their verdict in favor of appellees.

Finding no reversible error in the case the judgment appealed from is affirmed.