**BUILDERS TRANSPORT, INC. ("BTI"), Appellant,**

v.

**Loretta Yvette GRICE–SMITH, Individually, and as the Representative of the Estate of Roy Cell Smith, Jr., Deceased, et al., Appellees.**

No. 10–01–00130–CV.

Court of Appeals of Texas, Waco.

March 9, 2005.

Stephen G. Tipps, Baker Botts, LLP, Houston, Joseph H. Pedigo, Bellaire, for appellant.

Alton C. Todd, Law Office of Alton C. Todd, Friendswood, Anthony P. Griffin, Anthony P. Griffin, Inc., Galveston, Dale Williams, Williams, Squires & Wren, Waco, Joseph M. Nixon, Phillips & Akers, Houston, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

The surviving relatives of Roy Cell Smith, Jr. (collectively, "Appellees") filed a wrongful death and survival action against Builders Transport, Inc. and its employee John Alfred Landry for damages sustained after a semi owned by Builders Transport and driven by Landry overturned, ejecting Smith who died as a result. A jury found in Appellees' favor and awarded them $4.4 million in damages. Builders Transport[1] contends on appeal that there is no evidence or factually insufficient evidence to support the verdict, that the court improperly charged the jury on Appellees' theories of recovery, and that the jury's award of $1 million for Smith's pain and mental anguish is excessive.

Because the charge failed to require the jury to determine the factual predicates necessary to determine whether Builders Transport was negligent under the theories alleged and because the charge failed to require the jury to determine whether Landry had actual or apparent authority to invite Smith to ride with him, we will reverse and remand.

## FACTUAL BACKGROUND

Landry applied for a job with Builders Transport in June 1995. Builders Transport hired Landry after he completed Builders Transport's three-week driver training program and obtained a commercial driver's license. Landry then completed a four-week on-the-job training program, driving under the supervision of other company drivers.

On the occasion in question, Landry was delivering a load of tires to a plant in Houston. When he arrived on a Saturday morning, he learned that the plant was closed for the weekend. He decided to visit his brother in Galveston. While there he came in contact with Smith, a friend of his. Smith asked Landry to take him to Builders Transport's headquarters in Dallas the following Monday so he could apply for a job. Smith also asked him to take Smith's friend Anthony Henry. Although Landry knew that company policy prohibited drivers from transporting passengers, he agreed to take Smith and Henry to Dallas after delivering the tires to the plant in Houston.

Landry consumed alcoholic beverages and narcotics over the course of the weekend. Henry saw Landry drinking a 40–ounce can of malt liquor shortly before they left Galveston. As they were leaving

---

1. Landry did not perfect an appeal.

Galveston, the trailer came unhooked. While Landry reconnected the trailer, he asked Smith and Henry to buy him another drink. They got him a 16–ounce malt liquor which Landry drank as they drove to Houston.

The semi overturned as Landry exited the interstate in Houston. Smith was ejected from the cab when it overturned. The semi skidded on its side along a concrete retaining wall and a guardrail for about 200 feet.

The medical examiner opined that the trailer ran over Smith and mangled the lower part of his body as it passed over. The medical examiner testified that Smith was conscious when he was ejected from the cab and lost consciousness sometime thereafter.

Landry pleaded guilty to intoxication manslaughter.

## PROCEDURAL BACKGROUND

Smith's wife Loretta Yvette Grice–Smith filed a wrongful death and survival action against Builders Transport and Landry in her individual capacity, as representative of his estate, and as next friend for their three minor children. Smith's parents and the mother of his fourth child were also plaintiffs. Appellees alleged that Builders Transport was vicariously liable for Landry's negligence under the theory of respondeat superior. Appellees alleged that Builders Transport was directly liable for its own negligence under theories of negligent hiring, negligent training, negligent supervision, and negligent entrustment.

The court directed a verdict in Appellees' favor on the question of Landry's negligence. The court submitted questions to the jury regarding: whether Landry was acting in the scope of his employment on the occasion in question; whether the negligence of Builders Transport, if any, was a proximate cause of the occurrence; whether Smith's negligence, if any, was a proximate cause; the apportionment of responsibility among those found negligent; and compensatory damages.

The jury found that Landry was acting in the scope of his employment and that the negligence of Builders Transport and of Smith were proximate causes of the occurrence. The jury apportioned responsibility among Landry, Builders Transport, and Smith as follows: Landry 55%; Builders Transport 30%; and Smith 15%. The jury awarded $1 million for Smith's pain and mental anguish and for funeral and burial expenses. The jury awarded $600,000 to Smith's wife and each of his four children for past and future damages. The jury awarded $200,000 to each of Smith's parents for past and future damages.

## NEGLIGENCE

Builders Transport contends in its third through sixth issues respectively that there is no evidence or factually insufficient evidence to support the jury's finding of negligence under Appellees' theories of negligent hiring, negligent training, negligent supervision, and negligent entrustment.[2] Because the trial court submitted a broad-form negligence question, the verdict must be upheld against a sufficiency challenge if the record contains sufficient evidence to support a finding on any one of these theories. *See Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156,

---

2. Even though, as previously stated, we will reverse because of charge error, we must first address at least one of Builders Transport's "no evidence" issues because an affirmative finding thereon would afford Builders Transport the greatest relief. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex.1999) (per curiam).

160 (Tex.1995); *In re C.N.S.*, 105 S.W.3d 104, 105 (Tex.App.-Waco 2003, no pet.).

Builders Transport argues in its fourth issue that there is no evidence or factually insufficient evidence to support the jury's finding that it was negligent in training Landry. Because we conclude that the record contains some evidence and factually sufficient evidence to support the jury's finding under this negligence theory, we do not address Builders Transport's third, fifth, and sixth issues. *Id.*

### Standard of Review

■ When we decide a "no evidence" point, "we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998); *Honda of Am. Mfg., Inc. v. Norman*, 104 S.W.3d 600, 604 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *Burleson St. Bank v. Plunkett*, 27 S.W.3d 605, 612 (Tex.App.-Waco 2000, pet. denied). We will sustain a no evidence point if: (a) there is a complete absence of evidence of a vital fact; (b) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003). "More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex.2002).

A factual sufficiency issue requires us to determine whether the challenged "finding is so against the great weight and preponderance of the evidence that it is manifest-

ly unjust, shocks the conscience, or clearly demonstrates bias." *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002).

### Application

■ Landry's trainer James Alexander had only a weekend course to prepare for being a trainer. Alexander had never "failed" a trainee, although an unspecified number of his trainees were subsequently terminated for "carelessness" after they had accidents. Landry testified that Alexander released him from training when Landry told Alexander he was ready, from which a rational juror might infer that Alexander allowed Landry to decide when he had received adequate training.

According to Builders Transport policy, only the terminal manager can formally release an employee to drive solo. The terminal manager did not release Landry to drive solo until ten days after the fatal accident. Despite Builders Transport's protestations to the contrary, a rational juror could interpret this to mean the terminal manager did not believe Landry had received adequate training to drive solo until ten days after the occurrence in question. Landry's brother testified that Landry told him he failed the backing portion of his driving test three times, from which a rational juror might infer that Landry never received adequate training for this driving skill.

This constitutes more than a scintilla of evidence that Landry received inadequate training which was a proximate cause of the occurrence in question. *See Minyard Food Stores*, 80 S.W.3d at 577.

Other evidence in the record tends to contradict the jury's finding. Alexander testified that his qualifications to train drivers included not only the weekend course but also his years of experience as a driver for Builders Transport and for his

previous employer. Alexander explained that on several occasions he had required trainees to continue their training beyond the usual thirty days because they were not ready to be released. Landry explained that a trainer typically released a trainee only when the trainee felt comfortable *and* the trainer believed the trainee was ready, thus discounting any inference from Landry's testimony that Alexander released him from training only because Landry told Alexander he was ready. Landry's evaluation forms indicated that he was "satisfactory" in the area of backing, which discounts his brother's testimony that he had failed this part of the driving test three times.

Although the record contains some evidence which contradicts the jury's verdict on Appellees' negligent training theory, we cannot agree that the jury's verdict "is so against the great weight and preponderance of the evidence that it is manifestly unjust, shocks the conscience, or clearly demonstrates bias." *See C.H.*, 89 S.W.3d at 25. Accordingly, we overrule Builders Transport's fourth issue.

## NEGLIGENCE CHARGE

Builders Transport presents two issues concerning the court's instructions and questions on Appellees' negligence theories. Builders Transport contends in its second issue that the court erred by failing to include an instruction in the charge that Builders Transport could be found liable under Appellees' negligence theories only if the jury found that Builders Transport knew or should have known that Landry was an incompetent driver. However, because Appellees' negligence theories do not all require a finding on this factual predi-

cate, we will sustain Builders Transport's second issue only in part.

Builders Transport contends in its eighth issue that the court should have charged the jury on gross negligence rather than ordinary negligence because Smith was a trespasser. However, because Appellees are not alleging a premises defect or negligent activity claim, we will overrule this issue.

### Knew–or–Should–Have– Known Instruction

Builders Transport contends in its second issue that the court erred by failing to instruct the jury that it could be found liable under Appellees' negligence theories only if the jury found that Builders Transport knew or should have known that Landry was an incompetent driver.

Appellees contend that Builders Transport failed to preserve its second issue for appellate review because its trial objections do not comport with its appellate complaint and because the proposed instruction it submitted to the trial court is not "substantially correct." Appellees further contend that the negligence question and accompanying instructions and definitions were correct as submitted.

Appellees are correct that Builders Transport's trial objection [3] does not comport with the appellate complaint. Thus, the objection did not preserve this issue for our review. *See Rogers v. Stell*, 835 S.W.2d 100, 101 (Tex.1992) (per curiam); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 151 (Tex.App.-Amarillo 2001, pet. denied).

Builders Transport submitted a written request that the trial court include the

---

3. Builders Transport objected to the submission of the negligence question on the basis that: (1) it could be found liable only under a theory of gross negligence because Smith was a trespasser; and (2) Appellees presented no evidence or factually insufficient evidence to warrant submission of the question.

following instruction in the charge in connection with the negligence question:

> As to Builders Transport, Inc., "negligence" means hiring or retaining in its employ an incompetent employee whom it knew, or by the exercise of reasonable care, should have known was incompetent, and thereby creating an unreasonable risk of harm to others.

Several appellate courts have held that the type of negligence theories alleged by Appellees require a finding that the employer knew or should have known that the employee in question was incompetent. *E.g. Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 653–56 & n. 6 (Tex. App.-Dallas 2002, pet. denied); *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex.App.-Fort Worth 2002, no pet.); *Robertson v. Church of God, Intl.*, 978 S.W.2d 120, 124 (Tex.App.-Tyler 1997, pet. denied); *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.). Because these authorities support the submission of Builders Transport's proposed instruction, we conclude that this issue has been adequately preserved. *See Tex. Dept. of Human Servs. v. Hinds*, 904 S.W.2d 629, 637–38 (Tex.1995). However, the proposed instruction is not a substantially correct statement of law as to all of Appellees' negligence theories.

■ As stated, Appellees allege that Builders Transport is liable under theories of negligent hiring, negligent training, negligent supervision, and negligent entrustment. Negligent entrustment is generally treated as a separate cause of action. The parties do not dispute that a negligent entrustment claim requires a finding that the defendant knew or should have known that the person to whom it was entrusting a vehicle was a reckless or incompetent driver. *See Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex.1985); *Ro-*

*sell*, 89 S.W.3d at 655. Builders Transport contends that its proposed instruction applies not only to the negligent entrustment theory but also to Appellees' other negligence theories.

The Supreme Court and other intermediate courts have consistently held that an employer can be held liable under most of the other negligence theories pleaded by Appellees only on a finding that the employer knew or should have known that its employee was incompetent. *See Williams*, 699 S.W.2d at 571; *Rosell*, 89 S.W.3d at 653–56 & n. 6; *Morris*, 78 S.W.3d at 49; *Robertson*, 978 S.W.2d at 124; *Estate of Arrington*, 578 S.W.2d at 178. Thus, it would appear that Builders Transport's contention is correct.

However, Appellees allege two theories of negligent training: (1) that Builders Transport failed to provide proper training to its drivers (including Landry); and (2) that Builders Transport released Landry from training before he was ready. The "knew-or-should-have-known" requirement applies to the latter but not the former. The former allegation concerns Builders Transport's driver training program generally. The latter concerns whether Builders Transport knew or should have known that Landry was ready to be released from training. *Cf. id.*

■ The former allegation is in effect a negligent undertaking claim, even though Appellees do not use that particular terminology to describe it. Section 324A of the Restatement (Second) of Torts describes when liability to a third party may arise from a negligent undertaking.

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm re-

sulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Restatement (Second) of Torts* § 324A (1965). Texas courts have adopted section 324A of the Restatement. *See Coastal Corp. v. Torres,* 133 S.W.3d 776, 780 & n. 5 (Tex.App.-Corpus Christi 2004, pet. filed); *Seay v. Travelers Indem. Co.,* 730 S.W.2d 774, 776–77 (Tex.App.-Dallas 1987, no writ); *accord Torrington Co. v. Stutzman,* 46 S.W.3d 829, 837–38 (Tex.2000).

■ Here, Builders Transport can be held liable under the first of Appellees' negligent training allegations only if: (1) Builders Transport knew or should have known that its driver training program was necessary to protect others; (2) Builders Transport failed to exercise reasonable care in training its drivers; and (3) Builders Transport's failure to do so increased the risk of harm to Smith. *See Coastal Corp.,* 133 S.W.3d at 780 & n. 5; *Restatement (Second) of Torts* § 324A; *accord Torrington Co.,* 46 S.W.3d at 838–39.

■ Because of the trial court's failure to include additional instructions regarding these predicate facts with the negligence question, Builders Transport contends that the jury's negligence finding is immaterial and requests rendition of judgment in its favor. *See Torrington Co.,* 46 S.W.3d at

840. However, because it has been necessary for this Court to clarify the manner in which Appellees' negligence claim should be submitted, we will remand in the interest of justice. *Id.* at 840–41. Accordingly, we sustain Builders Transport's second issue in part.

### Duty Owed To A Trespasser

■ Builders Transport contends in its eighth issue that the court's negligence charge is defective because if failed to instruct the jury that Smith was a trespasser and thus Builders Transport can be liable for his injuries only on a finding of gross negligence.

■ Under established tort law, a property owner owes a limited duty of care to trespassers. *City of Bellmead v. Torres,* 89 S.W.3d 611, 612 n. 13 (Tex.2002) (citing *Restatement (Second) of. Torts* § 333 (1965)) (other citations omitted).[4] However, this limited duty of care applies only in cases involving alleged premises defects or negligent activities. *See e.g. Torres,* 89 S.W.3d at 612 (premises defect); *Burton Constr. & Shipbuilding Co. v. Broussard,* 154 Tex. 50, 273 S.W.2d 598, 599, 603 (1954) (negligent activity).

■ Appellees plainly do not allege that Builders Transport's premises (*i.e.,* the semi) were defective. Thus, we examine whether they allege a negligent activity theory sufficient to hold a premises owner liable. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Timberwalk Apts., Partners, Inc. v. Cain,* 972 S.W.2d

---

4. Section 333 of the Restatement provides:
 Except as stated in §§ 334–339, a possessor of land is not liable to trespassers for physical harm caused by his failure to exercise reasonable care

(a) to put the land in a condition reasonably safe for their reception, or
(b) to carry on his activities so as not to endanger them.
*Restatement (Second) of Torts* § 333 (1965).

749, 753 (Tex.1998) (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992)); *accord Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 133–34 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Appellees' negligence theories do not fit within this definition.

Appellees do not allege that Smith was injured "as a contemporaneous result" of Builders Transport's allegedly negligent hiring, training, or supervision of Landry nor of its allegedly negligent entrustment of the semi to Landry. Therefore, the limited duty owed a trespasser by a property owner in a premises defect or negligent activity case is not the duty applicable to Appellees' negligence theories.

 Rather, a defendant may be liable under the negligence theories alleged by Appellees to any foreseeable plaintiff. *Cf. Williams*, 699 S.W.2d at 571 (negligent entrustment requires finding of proximate cause); *Rosell*, 89 S.W.3d at 655 (same).[5]

> [I]t is not required that the particular accident complained of should have been foreseen. All that is required is [1] "that the injury be of such a general character as might reasonably have been anticipated; and [2] *that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen.*"

*Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex.1999) (emphasis added) (quoting *Nixon v. Mr. Prop. Mgt. Co.*, 690 S.W.2d 546, 551 (Tex.1985)).

Thus, we conclude that the trial court properly overruled Builders Transport's objection to the omission from the charge of a gross negligence instruction. Accordingly, we overrule Builders Transport's eighth issue.

## VICARIOUS LIABILITY

Builders Transport argues in its first issue that there is no evidence to support the jury's finding that Landry was acting in the course and scope of his employment because Builders Transport's policies prohibited drivers from transporting unauthorized passengers. Builders Transport claims in the alternative that the court erred by failing to instruct the jury on the "unauthorized passenger rule." We conclude that the record contains some evidence to support the jury's finding but that the court did not properly instruct the jury because it failed to submit a question inquiring whether Landry had actual or apparent authority to invite Smith to ride.

### Applicable Law

Resolution of this issue lies at the intersection of three settled principles: (1) an employer is liable for the torts of its employee committed while acting within the scope of employment; (2) a property owner owes a limited duty of care to a trespasser; and (3) an agent's representations to a third party are binding on the agent's principal when made with actual or apparent authority.

 The Supreme Court determined more than a century ago that an employer is liable for the torts of its employee committed while acting within the scope of employment, "although [the employer] may have expressly forbidden the particular act." *Intl. & Great N. R.R. v. Anderson*, 82 Tex. 516, 520, 17 S.W. 1039, 1040 (1891). The principle that an employer can be liable for the acts of an employee done in violation of the employer's policies

---

**5.** "The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability." *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex.2004).

still obtains. *E.g., G.T. Mgt., Inc. v. Gonzalez,* 106 S.W.3d 880, 884 (Tex.App.-Dallas 2003, no pet.); *Fontenot Petro–Chem & Marine Servs., Inc. v. LaBono,* 993 S.W.2d 455, 460 (Tex.App.-Corpus Christi 1999, pet. denied).

■■■ The actions of an agent or employee are binding on a principal or employer when those actions are performed with actual or apparent authority. *See Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 98 (Tex.1994); *Ebner v. First St. Bank of Smithville,* 27 S.W.3d 287, 300 (Tex.App.-Austin 2000, pet. denied). Actual authority is authority which the principal intentionally confers on the agent or permits the agent to believe has been conferred. *Ebner,* 27 S.W.3d at 300; *Disney Enters., Inc. v. Esprit Fin., Inc.,* 981 S.W.2d 25, 30 (Tex.App.-San Antonio 1998, pet. dism'd w.o.j.). Actual authority has also been defined as authority which "is created by written or spoken words or conduct by the principal to the agent." *McWhorter v. Sheller,* 993 S.W.2d 781, 786 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

■■■ Apparent authority arises:

either from a principal knowingly permitting an agent to hold herself out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority she purports to exercise....

A prerequisite to a proper finding of apparent authority is evidence of conduct by the principal relied upon by the party asserting the estoppel defense which would lead a reasonably prudent person to believe an agent had authority to so act.

*Baptist Meml. Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 949 (Tex.1998); *accord Ebner,* 27 S.W.3d at 300–01; *McDuff v. Chambers,* 895 S.W.2d 492, 498 (Tex.App.-Waco 1995, writ denied).

■■■ Finally, a property owner owes a limited duty of care to a trespasser. The only duty an owner owes a trespasser is "to refrain from causing injury willfully, wantonly, or through gross negligence." *Torres,* 89 S.W.3d at 613. This same duty applies to owners of both real and personal property. *Williams v. Bill's Custom Fit, Inc.,* 821 S.W.2d 432, 433 (Tex.App.-Waco 1991, no writ).

■■■ Section 242 of the Restatement (Second) of Agency encapsulates these three settled principles as they apply here:

A master is not subject to liability for the conduct of a servant towards a person harmed as the result of accepting or soliciting from the servant an invitation, not binding upon the master, to enter or remain upon the master's premises or vehicle, although the conduct which immediately causes the harm is within the scope of the servant's employment.

*Restatement (Second) of Agency* § 242 (1958).

This Court applied this principle in a similar case predating the Restatement. *See Thomas v. So. Lumber Co.,* 181 S.W.2d 111, 114–15 (Tex.Civ.App.-Waco 1944, no writ); *see also Kirklin v. Stand. Coffee Co.,* 114 S.W.2d 263, 264–65 (Tex.Civ.App.-Dallas 1938, no writ); *Magnolia Petroleum Co. v. Winkler,* 40 S.W.2d 831, 832–34 (Tex.Civ.App.-Eastland 1931, no writ). If, as Builders Transport alleges, Landry did not have actual or apparent authority to invite Smith to ride, then the only duty Builders Transport owed Smith was "to refrain from causing [him] injury willfully, wantonly, or through gross negligence." *See Williams,* 821 S.W.2d at 434; *Thomas,* 181 S.W.2d at 114–15.

Appellees contend that this approach has been expressly rejected by the Fourteenth Court of Appeals in *J.V. Harrison Truck Lines, Inc. v. Larson*, 663 S.W.2d 37 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.). In that case, a truck driver invited a friend to ride with him from Houston to Dallas to deliver three large coils of pressed steel, each weighing between 17,000 and 19,000 pounds. As the driver attempted to unload the coils, one of them rolled off the trailer and fell upon the friend, killing her. *Id.* at 39–40.

The truck company argued on appeal that the trial court should have submitted an issue to the jury on the issue of whether the driver was authorized to accept riders. The Fourteenth Court concluded that the "unauthorized passenger rule" did not apply in that case because the friend did not receive the fatal injuries while riding in the truck but rather during the unloading of the truck. *Id.* at 40–41.

Here conversely, Smith suffered his fatal injuries while riding in the truck. Accordingly, the reasoning of *J.V. Harrison Truck Lines* does not apply.

### THE "NO EVIDENCE" CLAIM

■ Here, the parties do not dispute that Landry was acting in the course and scope of his employment insofar as he was delivering a load of tires to a plant in Houston. Nor do the parties dispute that Builders Transport had a policy prohibiting drivers from transporting passengers. Therefore, the vicarious liability of Builders Transport for Landry's negligence turns on whether Landry had actual or apparent authority to invite Smith to ride with him.

However, Builders Transport's first issue challenges only the jury's finding that Landry was acting in the course and scope of his employment on the occasion in question. The fact that Landry was performing his duties in a manner contrary to his employer's instructions does not mean that he was acting outside the course and scope of his employment. *See Intl. & Great N. R.R.*, 82 Tex. at 520, 17 S.W. at 1040; *G.T. Mgt.*, 106 S.W.3d at 884; *Fontenot Petro-Chem & Marine Servs.*, 993 S.W.2d at 460. Thus, we conclude that the record contains more than a scintilla of evidence to support the challenged finding. *See Minyard Food Stores*, 80 S.W.3d at 577. We likewise conclude that the challenged finding is not "so against the great weight and preponderance of the evidence that it is manifestly unjust, shocks the conscience, or clearly demonstrates bias." *See C.H.*, 89 S.W.3d at 25.

### THE CHARGE

■ Builders Transport contends in the alternative that the trial court erred by denying its requested jury instruction on the "unauthorized passenger rule." Appellees respond that Builders Transport failed to properly preserve this issue for our review because it did not object to the omission of this instruction from the charge.

The instruction requested by Builders Transport would have instructed the jury that an employee is not acting within the scope of his employment if he permits another to ride in the employer's vehicle even though the employer prohibits this and has not otherwise authorized the employee to permit another to ride in the vehicle.

■ An objection preserves for appellate review any error contained in the court's charge as submitted. TEX.R. CIV. P. 272; *Religious of the Sacred Heart v. City of Houston*, 836 S.W.2d 606, 613–14 (Tex.1992); *In re A.A.B.*, 110 S.W.3d 553, 557 (Tex.App.-Waco 2003, no pet.); *Johnson v. Johnson*, 869 S.W.2d 490, 492 (Tex.

App.-Eastland 1993, writ denied). A question is defective as submitted if it seeks a finding on a recognized cause of action but does so without limiting instructions or other questions which properly restrict the question to the facts and law applicable to the case. *See Southeastern Pipe Line Co. v. Tichacek,* 997 S.W.2d 166, 172 (Tex. 1999); *Spencer v. Eagle Star Ins. Co. of Am.,* 876 S.W.2d 154, 157 (Tex.1994).

Builders Transport objected to the question regarding its own negligence (Question No. 2) because the question failed to account for Builders Transport's contention that Smith was a mere trespasser and thus its only duty to Smith was to not cause him injury intentionally or with gross negligence. In response, the court referred Builders Transport back to the scope-of-employment question (Question No. 1), which, in the court's mind, resolved the issue of whether Smith was a trespasser. In reply, Builders Transport stated its disagreement with the court's understanding of this issue.

■■■■ Question No. 1 as submitted was defective because it failed to include appropriate instructions regarding Landry's authority. Therefore, the objections raised by Builders Transport with regard to Questions No. 1 and 2 preserved error. *See Southeastern Pipe Line Co.,* 997 S.W.2d at 172–73; *Spencer,* 876 S.W.2d at 157. Because the charge erroneously failed to inquire whether Landry had actual or apparent authority to invite Smith to ride, we must determine whether this error harmed Builders Transport.

The jury apportioned fifty-five percent (55%) of the responsibility for Smith's death to Landry's negligence, thirty percent (30%) to the negligence of Builders Transport, and fifteen percent (15%) to Smith's own negligence. Based on the findings that Landry was acting in the scope of his employment and that Builders Transport was itself negligent, the judgment requires Builders Transport to pay eighty-five percent (85%) of the damages awarded by the jury. In view of the scant evidence that Landry had actual or apparent authority to invite Smith to ride, the erroneous charge "probably caused the rendition of an improper judgment" insofar as the judgment required Builders Transport to pay the fifty-five percent (55%) of the recovery attributable to Landry's negligence. *See* Tex.R.App. P. 44.1(a)(1); *Harris County v. Smith,* 96 S.W.3d 230, 234–35 (Tex.2002).

■■■ As with the errors in the court's charge with regard to Appellees' negligence theories, the error here made the jury's finding on scope of employment immaterial. Thus, we could render judgment in Builders Transport's favor. *See Torrington Co.,* 46 S.W.3d at 840. However, because it has been necessary for this Court to clarify the manner in which Appellees' vicarious liability claim should be submitted, we will remand in the interest of justice. *Id.* at 840–41.

Accordingly, we sustain Builders Transport's first issue.

### REMAND OF CLAIMS AGAINST LANDRY

■■■ Builders Transport's liability for some of the claims against it depends on Landry's liability. Thus, Builders Transport contends that the claims against Landry should also be remanded, even though Landry did not appeal. *See e.g. Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 166 (Tex.1982); *Schindler v. Schindler,* 119 S.W.3d 923, 933 (Tex. App.-Dallas 2003, pet. denied). We disagree.

On remand, Landry may be designated as a responsible third party under section 33.004 of the Civil Practice and Remedies

Code. The jury may then apportion responsibility among Landry, Smith, and Builders Transport as it did in the first trial. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.003 (Vernon Supp.2004–2005); *cf. Plas–Tex., Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 446–47 (Tex.1989) (remand of claims against nonappealing party not warranted). The issues of whether Landry was acting within the course and scope of employment and whether he had actual or apparent authority to invite Smith to ride may be litigated regardless of whether the issue of Landry's personal liability is before the jury on remand.

## CONCLUSION

Because of our disposition of Builders Transport's first, second, fourth, and eighth issues, we need not address the remainder of the issues presented. Because Landry did not perfect an appeal, we do not disturb the judgment against him. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450–51 (Tex.1998) (per curiam); *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 92 (Tex.1973). We reverse the judgment in all other respects and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY, dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a charge error case in which we fail to follow well-established precedent. What is the proper disposition if, after reviewing charge error preserved by the defendant, we determine there is no proper verdict upon which the plaintiff has shown itself entitled to relief? We are supposed to render judgment that the plaintiff take nothing on that claim. Because we do not, I dissent.

### No Verdict That Will Support a Judgment for the Plaintiff

In this case, the Court properly determines there was error in the charge to which Builders Transport objected. The Court properly determines the error was harmful. The Court then properly reverses the trial court's judgment. But the Court errs in remanding the case for a new trial.

The plaintiffs in this case do not get a new trial if Builders Transport preserves harmful charge error. A new trial would be the proper result if the plaintiffs had also made the objection and had properly brought an issue on appeal in their own interest. But they did not.

The proper result, when a defendant objects to the charge with the result being that the plaintiff has failed to secure a verdict upon which a judgment can be based, is to render judgment for the defendant. *See Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 530 (Tex.1997); *Stripling v. McKinley,* 746 S.W.2d 502, 505 (Tex.App.-Dallas 1988), *aff'd,* 763 S.W.2d 407 (Tex.1989).

### Defective and Omitted Analysis On Direct Negligence Claim

The situation as presented by the Court under its heading of **"NEGLIGENCE"** is a gross over-simplification of the analysis necessary to resolve the issues presented. This problem comes from the Court's having stepped off the analysis on the wrong foot. They start at the end rather than the beginning.

The real issue here is not whether there is sufficient evidence to support any of the negligence theories Smith went to the jury on under the broad form submission. If we get to that question at all, it is the last question, not the first. We must begin the analysis, the first step, with the charge.

The special question and related instructions in the charge must be accepted as the controlling law for the case, against which the sufficiency of the evidence will be measured. *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex.2000). The Supreme Court has recently reaffirmed the position that we do not need to determine whether the charge accurately stated the law, absent an objection to the charge. *Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 618 (Tex.2004).

But the majority of this Court states: "Because the trial court submitted a broad-form negligence question, the verdict must be upheld against a sufficiency challenge if the record contains sufficient evidence to support a finding on any one of these theories." Majority op., at p. 6. Smith, and a majority of the Court, relies upon *Prudential Ins. Co. of Am. v. Jefferson Assocs.*, 896 S.W.2d 156, 160 (Tex. 1995). This case is not on point because in *Prudential* there was no objection to the charge. And this is an accurate statement of only part of the applicable law. This is the step on which the Court starts but it should be the third step, depending on the answer to the second step.

So, in a proper analysis, the charge is the first step. Next, the second step, is to analyze the objections to the charge. This is where the Court's opinion falls apart analytically. Because Builders Transport objected to the charge, we do not accept the charge as an accurate statement of the law and must determine whether the objections should have been sustained because the charge was an improper statement of the law, thus requiring correction by the trial court.

This is the part of a proper analysis that the Court misplaces in its opinion. The Court must address this critical step in a proper sequence. Builders Transport directs our attention to the shortcomings in the charge that were brought to the trial court's attention by way of its objections to the charge and its request for certain additional instructions to be included in the charge. Builders Transport argues that the charge is defective because elements of some of the theories were omitted from the charge. The Court addresses these complaints in the section of its opinion entitled "NEGLIGENCE CHARGE" beginning on page 7 of its opinion. And the Court's analysis properly concludes that the issue was preserved by objection. Further, the Court properly concludes that the charge was defective because it omitted necessary instructions regarding the elements of the plaintiff's theories of negligence. *See* Majority op., at pg. 9.

Smith recognizes the validity of these arguments and attempts to overcome them. First, Smith argues the objection does not comport with the issue on appeal. As stated above, the issue here was preserved and is properly presented as charge error. Second, Smith argues that if the objection does comport, the objection to a defective instruction only applies to one theory being submitted by the broad form question. Smith then argues "if this court were to find any element missing under either [theory], this court must deem a finding on the omitted element that supports the trial court's judgment if there is some evidence that supports the issue." Appellee's Brief, pg. 31. This is where Smith and the majority go astray.

Smith fails to recognize that the implied finding analysis is only applicable if there is no "request or objection" to the omission from the charge. Tex.R. Civ. P. 279. There was a request or objection. This brings us squarely within *Crown Life v. Casteel's*, and its prodigy's, application to a broad form submission when the broad

form question submits an invalid theory. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex.2000).

Because there is a request or objection regarding the omission of an element of one of the theories being submitted under a broad form negligence charge, Smith has a real problem. The jury's affirmative finding could be based upon a ground that was defectively charged due to an omitted element. Upon appeal we are unable to determine whether the jury found on that defectively submitted ground or a properly submitted ground. Builders Transport is entitled to relief. But at least for now this is a problem a majority of this Court is willing to ignore. I am not. The majority can avoid this ultimate resolution of this issue because it took the arguments in the wrong order. The majority took the third step first. The fact that a broad form submission includes a proper theory of negligence is irrelevant if it is joined with a defectively submitted theory to which a complaint was made. *Crown Life*, 22 S.W.3d at 389.

### DEFECTIVE AND OMITTED ANALYSIS ON VICARIOUS LIABILITY

The majority also makes the same error in its analysis of whether Builders Transport is vicariously liable for Landry's negligence. Here again the majority gets the analysis out of order. Only after analysis that there was evidence to support the answers to the charge as submitted on vicarious liability does the Court move to its analysis of the objections to the charge. The Court again holds that Builders preserved the issue for review, that the charge was defective as submitted, and that the defective submission harmed Builders Transport.

Reverse and render is the proper result. There is no need to remand.

Relying on *Torrington*, the Court concludes that because they needed to clarify the manner of submitting the issue, we should remand for a new trial.

But it is already well-settled law that Landry had to have actual or apparent authority to invite Smith to ride with him before Builders Transport could be vicariously liable for Landry's negligence. It was part of the Restatement (Second) of Agency in 1958. *See Restatement (Second) of Agency* § 242 (1958). And it has been applied by this Court at least as early as 1944. *See Thomas v. So. Lumber Co.*, 181 S.W.2d 111, 114–15 (Tex.Civ.App.-Waco 1944, no writ). Unlike *Torrington*, there is no law that we are altering or clarifying. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 840 (Tex.2000). Thus, we should render, rather than remand, this proceeding. *See id.*

### TRESPASSER—DUTY OWED?

You may find it strange that the duty owed to a trespasser is discussed by the majority under each section, negligence and vicarious liability. I did. Builders Transport only briefs this as part of its complaints about the negligence finding and charge.

The importance of this issue should not go unmentioned though it serves no useful purpose for me to go into an exhaustive analysis because I would reverse and render for other reasons. But, as I understand Builders Transport's argument, a person riding in a truck without permission of the owner is a trespasser. And, the argument continues, as a trespasser the owner only owes that person the duty to not actively engage in the activity that caused the trespasser's injury. Thus, Builders Transport's argument is that they are not liable for Landry's negligence because they were not actively engaged in a

"negligent activity" that caused the injury to Smith.

The majority summarily dismisses this "negligent activity" argument with the statement: "Appellees' negligence theories do not fit within this definition." Majority op., pp. 10–11. And somehow this dismissive response is supposed to resolve the issue. But this response is precisely why Builders argues, in addition to the argument addressed by the majority, that the charge was defective. Indeed, Builders argues the duty that should have been charged is precisely as the majority states it: "The only duty an owner owes to a trespasser is 'to refrain from causing injury willfully, wantonly, or through gross negligence.'" Majority op., pg. 12.

This is an entirely different argument as to why the charge was defective on the negligence theories, an argument that the majority has failed to properly analyze and resolve.

### Conclusion

Accordingly, I would reverse and render judgment that Grice–Smith et al, take nothing from Builders Transport on either the theories of negligence or vicarious liability. Because the majority remands for a new trial, I respectfully dissent.