IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00130-CV

 

Builders Transport, Inc.,

                                                                      Appellant

 v.

 

Loretta Yvette Grice-Smith, 

Individually, and as the Representative 

of the Estate of Roy Cell Smith, Jr., 

Deceased, et al.,

                                                                      Appellees

 

 

 



From the 165th District Court

Harris County, Texas

Trial Court No. 96-58924

 



Opinion ON REHEARING



 

          In
our opinion and judgment dated March
 9, 2005, we reversed the judgment of the trial court as to
Defendant/Appellant Builders Transport, Inc. but did not disturb the judgment
as to Defendant John Alfred Landry, who did not perfect an appeal.  Despite Builders Transport’s request that we
reverse the judgment in its entirety, we held that such action was unnecessary
because Landry could “be designated as a responsible third party under section
33.004 of the Civil Practice and Remedies Code [and] [t]he jury [could] then
apportion responsibility among Landry, Smith, and Builders Transport as it did
in the first trial.”  2005 Tex. App. LEXIS 1839, at *30 (Tex.
App.—Waco Mar. 9, 2005, no pet. h.).

          By
further motion for rehearing,[1]
Builders Transport again requests that we reverse the judgment in its entirety
and remand the entire case for a new trial because the provisions of section
33.004 applicable to this case do not permit Landry to be so designated.  We will grant Builders Transport’s motion.

          The
current version of section 33.004 provides that, subject to certain
limitations, a defendant may designate any person as “a responsible third
party.”  See Tex. Civ. Prac. &
Rem. Code Ann. § 33.004 (Vernon
Supp. 2004–2005).  However, the current
version of section 33.004 applies only to cases filed on or after July 1, 2003, and Appellees
filed this suit in 1996.  See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(c),
2003 Tex. Gen. Laws 847, 898-99.

          Under
the version of section 33.004 applicable to this case, a defendant may join
only a person “who has not been sued by the claimant” as a responsible third
party.  See Act of May 8,
 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971,
972-73 (amended 2003) (current version at Tex.
Civ. Prac. & Rem. Code Ann. § 33.004)).  Because Appellees sued Landry, Builders
Transport cannot seek to designate him as a responsible third party under
section 33.004 on remand.  Id.

          Appellees’
claims against Landry and Builders Transport are significantly interwoven.  So that a jury on remand will be able to
apportion responsibility among all parties, we will reverse the judgment in its
entirety and remand this cause to the trial court for further proceedings
consistent with the opinion of this Court. 
See Turner, Collie & Braden,
Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 166 (Tex. 1982); First Natl. Acceptance Co. v. Dixon, 154 S.W.3d 218, 225 (Tex.
App.—Beaumont 2004, pet. denied).

          Builders
Transport’s further motion for rehearing is granted.  The judgment of this Court dated March 9, 2005 is withdrawn,
and the judgment of even date herewith is substituted therefor.

PER CURIAM

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Rehearing granted

Opinion delivered and filed May 25, 2005

[CV06]








 











    [1]           This
Court issued its first opinion in this appeal on November 3, 2004.  After Builders Transport filed a motion for
rehearing, the Court withdrew the November 2004 opinion and issued a new
opinion on March 9, 2005.  The Court also
denied Builders Transport’s motion for rehearing on March 9.  Builders Transport then filed its further
motion for rehearing.  See Tex.
R. App. P. 49.5.








 in the deadly conduct
appeal, contending that the appeal presents no issues of arguable merit. 
Tucker has not filed a pro se brief or other response, though he was
notified of his right to do so.

           
Counsel’s brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable
grounds for reversal.  See Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974); Gearhart v. State, 122 S.W.3d 459, 464 (Tex.
App.—Corpus Christi 2003, pet. ref’d); Sowels v. State, 45 S.W.3d 690,
691 (Tex. App.—Waco 2001, no pet.), overruled on other grounds by Meza v.
State, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

           
Counsel does state that “two potential issues are of concern”: (1) several
jurors on Tucker’s venire had served as jurors in an interim civil trial; and
(2) a juror saw Tucker entering the courthouse being escorted by the bailiff
and another man and assumed Tucker “had a ride up here with the police.”

           
Regarding the veniremembers who had served on the interim civil jury, counsel
observes that there was no objection to their service on Tucker’s jury. 
Thus, the issue was not preserved.  See Tex. R. App. P. 33.1(a)(1); Berry v. State, 976 S.W.2d
735, 738 (Tex. App.—Tyler 1998, pet. ref’d).

           
Counsel analogizes the juror’s having seen Tucker under escort and his
assumption that Tucker had been transported by “the police” to a situation
where a juror observes a defendant in shackles or other restraints.  See,
e.g., Deck v. Missouri, 544 U.S. 622, 629, 125 S. Ct. 2007, 2012, 161 L.
Ed. 2d 953 (2005) (Due Process Clause prohibits use of physical restraints
visible to the jury absent a trial court determination “that they are justified
by a state interest specific to a particular trial”).  However, “[t]he
rules are different where jurors see a defendant under physical restraint outside
the courtroom.  If such encounters are inadvertent, fortuitous, and away
from the courtroom, there is no error.”  Pina v. State, 38 S.W.3d
730, 741 (Tex. App.—Texarkana 2001, pet. ref’d).

           
Here, what the juror saw was “inadvertent, fortuitous, and away from the
courtroom.”  And there is nothing in the record to indicate that the juror
saw anything more than Tucker being escorted as opposed to being under any
physical restraint.  Thus, no error was committed by permitting this juror
to serve.  Id.

 

Independent Review

           
In addition to reviewing the potential issues raised by counsel, we must also
conduct an independent review of the record to determine whether “arguable
grounds for appeal exist.”  See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005); accord Villanueva v. State, 209 S.W.3d
239, 242-43 (Tex. App.—Waco 2006, no pet.).  We have conducted such a
review and have found no issues of arguable merit.

Conclusion

We affirm the judgments in both cases. 
Pursuant to Rule of Appellate Procedure 48.4, counsel must send Tucker a copy
of our decision by certified mail, return receipt requested, at Tucker’s last
known address.  Tex. R. App. P. 48.4.
 Counsel must also notify Tucker of his right to file a pro se
petition for discretionary review.   Id.; see also Ex parte
Owens, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); Villanueva,
209 S.W.3d at 249.  We grant counsel’s motion to withdraw in cause no.
10-07-00049-CR, effective upon counsel’s compliance with Rule 48.4 as evidenced
by “a letter [to this Court] certifying his compliance with this rule.”  See
Tex. R. App. P. 48.4; see also
Meza, 206 S.W.3d at 689 & n.23; Villanueva, 209 S.W.3d at 249.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray concurring with note)*

Affirmed

Opinion delivered and
filed May 28, 2008

Do not publish

[CR25]

 

*          
(“Chief Justice Gray concurs in the judgment to the extent that it affirms the
conviction and grants counsel’s motion to withdraw.  A separate opinion
will not issue.  He notes, however, that the opinion of the majority
suffers the same errors in evaluating and ruling on the merits of issues
briefed by counsel as does this court’s opinion in Villanueva, as well
as in Garner which cited and relied on Villanueva, to go into an
extensive discussion, analysis, and disposition of the issues discussed by
counsel.  See Garner v. State, No. 10-05-00218-CR, 2007 Tex. App.
LEXIS 4246 (Tex. App.—Waco
May 30, 2007, pet. granted) (not designated for publication); Villanueva v.
State, 209 S.W.3d 239 (Tex. App.—Waco 2006, no pet.).  The purpose of
counsel’s discussion of issues is so that we can determine that counsel has
fulfilled the duty of appointed counsel to diligently examine the record for
issues of arguable merit.  We do not accomplish this by review,
discussion, and ruling on the issues identified by counsel.  Thus the discussion
and holdings on the issues addressed in the Anders brief in support of the
motion to withdraw are unnecessary to our review and therefore dicta.”)