BUILDERS TRANSPORT, INC.
("BTI"), Appellant,

v.

Loretta Yvette GRICE–SMITH, Individually, and as the Representative of the Estate of Roy Cell Smith, Jr., Deceased, et al., Appellees.

No. 10–01–00130–CV.

Court of Appeals of Texas,
Waco.

May 25, 2005.

Stephen G. Tipps, Baker Botts, LLP, Houston, Joseph H. Pedigo, Bellaire, for appellant.

Alton C. Todd, Law Office of Alton C. Todd, Friendswood, Anthony P Griffin, Anthony P. Griffin, Inc., Galveston, Dale Williams, Williams, Squires & Wren, Waco, Joseph M. Nixon, Phillips & Akers, Houston, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REHEARING

PER CURIAM.

In our opinion and judgment dated March 9, 2005, we reversed the judgment of the trial court as to Defendant/Appellant Builders Transport, Inc. but did not disturb the judgment as to Defendant John Alfred Landry, who did not perfect an appeal. Despite Builders Transport's request that we reverse the judgment in its entirety, we held that such action was unnecessary because Landry could "be designated as a responsible third party under section 33.004 of the Civil Practice and Remedies Code [and][t]he jury [could] then apportion responsibility among Landry, Smith, and Builders Transport as it did in the first trial." 167 S.W.3d 1, 15 2005 WL 552486, at *10, 2005 Tex.App. LEXIS 1839, at *30 (Tex.App.-Waco Mar. 9, 2005, no pet. h.).

By further motion for rehearing,[1] Builders Transport again requests that we reverse the judgment in its entirety and remand the entire case for a new trial because the provisions of section 33.004 applicable to this case do not permit Landry to be so designated. We will grant Builders Transport's motion.

The current version of section 33.004 provides that, subject to certain limitations, a defendant may designate any person as "a responsible third party." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (Vernon Supp.2004–2005). However, the current version of section 33.004 applies only to cases filed on or after July 1, 2003, and Appellees filed this suit in 1996. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(c), 2003 Tex. Gen. Laws 847, 898–99.

Under the version of section 33.004 applicable to this case, a defendant may join only a person "who has not been sued by the claimant" as a responsible third party. *See* Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 972–73 (amended 2003) (current version at (TEX.

---

1. This Court issued its first opinion in this appeal on November 3, 2004. After Builders Transport filed a motion for rehearing, the Court withdrew the November 2004 opinion and issued a new opinion on March 9, 2005.

The Court also denied Builders Transport's motion for rehearing on March 9. Builders Transport then filed its further motion for rehearing. *See* TEX.R.APP. P. 49.5.

CIV. PRAC. & REM.CODE ANN. § 33.004)). Because Appellees sued Landry, Builders Transport cannot seek to designate him as a responsible third party under section 33.004 on remand. *Id.*

Appellees' claims against Landry and Builders Transport are significantly interwoven. So that a jury on remand will be able to apportion responsibility among all parties, we will reverse the judgment in its entirety and remand this cause to the trial court for further proceedings consistent with the opinion of this Court. *See Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,* 642 S.W.2d 160, 166 (Tex.1982); *First Natl. Acceptance Co. v. Dixon,* 154 S.W.3d 218, 225 (Tex.App.-Beaumont 2004, pet. denied).

Builders Transport's further motion for rehearing is granted. The judgment of this Court dated March 9, 2005 is withdrawn, and the judgment of even date herewith is substituted therefor.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting on rehearing.

Nothing about the Opinion on Rehearing issued today alters the analysis of my dissenting opinion of March 9, 2005. That dissenting opinion has not been withdrawn. Therefore, the dissenting opinion applies with equal force to the judgment issued today.[1]

---

1. I agree that if there is to be a remand, the entire case, including the case against Landry, must be remanded.