IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00330-CV

 

Jane Anne Bryant,

                                                                      Appellant

 v.

 

Lucent Technologies, Inc.,

                                                                      Appellee

 

 

 



From the 44th District Court

Dallas County, Texas

Trial Court No. 00-6555

 



Opinion



 








          Jane Anne Bryant filed suit against Lucent Technologies, Inc. for
wrongful termination, breach of contract, intentional infliction of emotional
distress, assault and battery, negligent supervision, fraud, and defamation. 
The court granted Lucent’s motion for summary judgment on the assault and
battery, negligent supervision, fraud, and defamation claims and granted
Lucent’s motion for directed verdict on the wrongful termination claim.  A jury
rendered a take-nothing verdict on the intentional infliction of emotional
distress and breach of contract claims.

 

          Bryant contends in four issues that
the court erred by: (1) granting the directed verdict on her wrongful
termination claim; (2) refusing to permit her counsel to argue that the alleged
basis for her termination could be considered in deliberating on her
intentional infliction of emotional distress claim; (3) granting Lucent’s
summary judgment motion on the assault and battery claim; and (4) granting
Lucent’s summary judgment motion on the defamation claim.  We will affirm in
part and reverse and remand in part.

Wrongful Termination

          Bryant contends in her first issue
that the court erred by granting Lucent’s motion for directed verdict on her
wrongful termination claim because she presented some evidence that she was
forced to resign because she refused to perform an illegal act.

          Under Sabine Pilot Service, Inc. v.
Hauck, an at-will employee may sue for wrongful termination if the sole
reason for the termination was that the employee refused to perform an illegal
act which would subject the employee to criminal liability.  687 S.W.2d 733,
735 (Tex. 1985); see also Winters v. Houston Chronicle Publg. Co., 795
S.W.2d 723, 724 (Tex. 1990); Laredo Med. Group Corp. v. Mireles,
155 S.W.3d 417, 420 (Tex. App.—San Antonio 2004, pet. denied).

          A directed verdict for a defendant may
be proper (1) when a plaintiff fails to present evidence raising a fact issue
essential to the plaintiff’s right of recovery, (2) when the defendant
conclusively negates an element of the plaintiff’s claim, or (3) when the defendant
conclusively establishes a defense.  See Prudential Ins. Co. of Am. v. Fin.
Rev. Servs., Inc., 29 S.W.3d 74, 77-78 (Tex. 2000); Democracy Coalition
v. City of Austin, 141 S.W.3d 282, 288 (Tex. App.—Austin 2004, no pet.); Garcia
v. Tenorio, 69 S.W.3d 309, 311 (Tex. App.—Fort Worth 2002, pet. denied).  “In
reviewing a directed verdict, we decide whether there is any evidence of
probative value to raise an issue of material fact on the question presented. 
We examine the evidence in the light most favorable to the party suffering the
adverse judgment.”  Bostrom Seating, Inc. v. Crane Carrier Co., 140
S.W.3d 681, 684 (Tex. 2004) (citations omitted).

          Bryant contends that her supervisor
instructed her to provide sales leads at no cost to certain dealers in
violation of the Robinson-Patman Act.  See 15 U.S.C.A.  §§ 13, 13a (West
1997).  However, Congress enacted the Robinson-Patman Act to prohibit price
discrimination in transactions involving the sale of goods or commodities.  See
id. § 13(a) (“It shall be unlawful for any person engaged in commerce, in
the course of such commerce, either directly or indirectly, to discriminate in
price between different purchasers of commodities”); id. § 13a (unlawful
to engage in transaction which discriminates against competitors with regard to
“a sale of goods”); FTC v. Henry Broch & Co., 363 U.S. 166, 174, 80 S. Ct. 1158, 1163, 4 L. Ed. 2d 1124 (1960); Innomed Labs, L.L.C. v. ALZA Corp.,
368 F.3d 148, 156 (2d Cir. 2004); Tri-State Broad. Co. v. United Press
Intl., Inc., 369 F.2d 268, 269 (5th Cir. 1966).

          Here, Lucent is engaged in the
business of telephone equipment sales.  However, the controversy involving
Bryant concerns the exchange of information between Lucent and other entities
concerning potential purchasers of Lucent products.  The essence of Bryant’s
complaint is that her supervisor demanded that she provide this information (i.e.,
“sales leads”) to some dealers at no cost while charging other dealers for the
same information.

          The provision of sales leads to dealers
by Lucent does not constitute the sale of goods or commodities.  Thus, the
evidence conclusively negates an element of Bryant’s wrongful termination
claim, namely, whether Bryant’s supervisor directed her to perform an act which
would violate the Robinson-Patman Act.  Accordingly, the court properly
directed a verdict in favor of Lucent on Bryant’s wrongful termination claim.  See
Prudential Ins. Co., 29 S.W.3d at 77-78; Democracy Coalition, 141
S.W.3d at 288; Garcia, 69 S.W.3d at 311.  Therefore, we overrule
Bryant’s first issue.

Intentional Infliction of Emotional Distress

          Bryant contends in her second issue
that the court abused its discretion by refusing to permit her counsel to argue
that the facts surrounding her termination could be considered in deliberating
on her intentional infliction of emotional distress claim.

          Closing argument should be limited to
the evidence presented at trial and to the arguments of opposing counsel.  Tex. R. Civ. P. 269(e); In re C.J.B.,
137 S.W.3d 814, 826 (Tex. App.—Waco 2004, no pet.); Sanchez v. Espinoza,
60 S.W.3d 392, 395 (Tex. App.—Amarillo 2001, pet. denied).  We review a trial
court rulings on the scope of closing argument under an abuse-of-discretion
standard.  See C.J.B., 137 S.W.3d at 826; Sanchez, 60 S.W.3d at
395.

          To recover for intentional infliction
of emotional distress, a plaintiff must establish among other things that “the
defendant’s conduct was extreme and outrageous.”  Hoffman-La Roche, Inc. v.
Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004).[1] 
“[A] course of conduct should be evaluated as a whole to determine whether it
was extreme and outrageous.”  Tiller v. McLure, 121 S.W.3d 709, 715 (Tex. 2003) (per curiam).  Liability for intentional infliction of emotional distress is
found when the defendant’s conduct is “so outrageous in character, and so
extreme in degree, as to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in a civilized community.”  Creditwatch,
Inc. v. Jackson, 157 S.W.3d 814, 817-18 (Tex. 2005) (quoting Hoffman-La
Roche, 144 S.W.3d at 445).[2]

          White’s conduct should be evaluated as
a whole in determining whether it was sufficiently extreme and outrageous.  See
Tiller, 121 S.W.3d at 715.  Part of the evidence at issue is Bryant’s
testimony that White forced her to resign because she refused to provide leads
to some dealers at no cost while charging other dealers for the same
information, conduct which she believed was violative of the Robinson-Patman
Act.

          The trial court advised Bryant’s
counsel before closing argument that counsel could argue that Bryant and White
disagreed about the application of the Robinson-Patman Act but could not argue
that White forced her to resign because she refused to engage in conduct which
she believed was violative of the Act.

          Bryant’s testimony about her
termination and the reasons for it is relevant evidence of whether White
engaged in a course of conduct which was extreme and outrageous.  Because this
evidence is relevant, the court abused its discretion by refusing to permit
Bryant’s counsel to discuss it in closing argument.  See Tex. R. Civ. P. 269(e).

          However, this error does not require
reversal unless it “probably caused the rendition of an improper judgment.”  Tex. R. App. P. 44.1(a)(1).  Bryant argued
that the totality of the circumstances shows that Lucent is liable for
intentional infliction of emotional distress because: (1) Bryant was hired to
direct Lucent’s marketing department without being told that she would be
confronted with an entrenched bureaucracy, conflicting personalities, and insubordinate
employees; (2) White did not support Bryant in her efforts to “clean up” the
department; (3) an employee from another department was allowed to physically
harass her; (4) White caused Bryant unnecessary worry by failing to adequately
address her concerns about compliance with the Robinson-Patman Act; (5) White
misled Bryant to believe that they were to have a meeting regarding the
transfer of an employee in her department to another department, when in fact
White intended to force Bryant to resign; and (6) Lucent erroneously identified
Bryant in a payroll document as a marketing manager rather than a marketing director.

          The trial court permitted Bryant’s
counsel to argue that White and Bryant disagreed about compliance with the
Robinson-Patman Act, that Bryant was concerned about violating the Act, and
that White forced Bryant to resign.  The only thing the court did not permit
Bryant’s counsel to do was directly argue that White forced Bryant to resign
because she refused to engage in conduct which she believed was violative of
the Act.

          Nevertheless, even if counsel had been
permitted to draw a direct correlation between Bryant’s forced resignation and
her dispute with White about marketing practices allowed under the Act, we
would conclude that Bryant had failed as a matter of law to establish her claim
for intentional infliction of emotional distress.  Cf. Creditwatch, 157
S.W.3d at 816-18; Hoffman-La Roche, 144 S.W.3d at 448-49.  Therefore, we
hold that the trial court’s erroneous restriction on Bryant’s closing argument
did not result in the rendition of an improper judgment.  See Tex. R. App. P. 44.1(a)(1).

          Accordingly, we overrule Bryant’s
second issue.

Assault and Battery

          Bryant contends in her third issue
that the court erred by granting Lucent’s summary judgment motion on her
assault and battery claim because genuine issues of material fact remain on the
question of whether her assailant was acting within the course and scope of his
employment.

          To hold an employer liable for the
tortious acts of an employee, a plaintiff must show that the employee was
acting (1) within the scope of the employee’s general authority, (2) in
furtherance of the employer’s business, and (3) for the accomplishment of an
objective for which the employee was hired.  Buck v. Blum, 130 S.W.3d 285,
288 (Tex. App.—Houston [14th Dist.] 2004, no pet.); Wrenn v. G.A.T.X.
Logistics, Inc., 73 S.W.3d 489, 493 (Tex. App.—Fort Worth 2002, no pet.). 
The commission of an intentional tort such as an assault is not generally
considered to be within the scope of an employee’s authority.  Tex. & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236, 239 (1952); Buck,
130 S.W.3d at 288-89; Garrett v. Great W. Distribg. Co. of Amarillo, 129
S.W.3d 797, 800 (Tex. App.—Amarillo 2004, pet. denied); Wrenn, 73 S.W.3d
at 494.

          Therefore, to prove that an assault
was committed within the scope of the employee assailant’s authority, a
plaintiff must show that “the assault [wa]s committed to accomplish a duty
entrusted to the employee.”  Soto v. El Paso Nat. Gas Co., 942 S.W.2d 671,
681 (Tex. App.—El Paso 1997, writ denied); accord Tex. & P. Ry., 247
S.W.2d at 240; Garrett, 129 S.W.3d at 800.

          Viewing the summary judgment evidence
in the light most favorable to Bryant, we hold that Lucent conclusively
established that Bryant’s assailant did not assault her to accomplish a duty
entrusted to the assailant by Lucent.  Cf. G.T. Mgt., Inc. v. Gonzalez,
106 S.W.3d 880, 884-85 (Tex. App.—Dallas 2003, no pet.) (bouncers authorized to
use force to accomplish their assigned duties).  Thus, the trial court
properly granted Lucent’s summary judgment motion on Bryant’s claim for assault
and battery.  See Buck, 130 S.W.3d at 289-90; Garrett, 129 S.W.3d
at 801-02; Wrenn, 73 S.W.3d at 494-95.

          Accordingly, we overrule Bryant’s
third issue.

Defamation

          Bryant contends in her fourth issue
that the court erred by granting Lucent’s summary judgment motion on her
defamation claim because Lucent failed to conclusively establish that the
alleged defamatory statement was qualifiedly privileged.[3]

          Qualified privilege is an affirmative
defense.  See Saudi v. Brieven, No. 01-03-00865-CV, 2004 Tex. App. LEXIS 9595 at *22 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004, pet. denied); Gonzales
v. Levy Strauss & Co., 70 S.W.3d 278, 282-83 (Tex. App.—San Antonio 2003,
no pet.).  Thus, Lucent bore the burden to conclusively establish each element
of the privilege to prevail on its summary judgment motion.  Id.

          To establish the affirmative defense
of qualified privilege, a defendant must show that the alleged defamatory
statement: (1) was made without malice; (2) concerned a subject matter of
sufficient interest to the author or was in reference to a duty owed by the
author; and (3) was communicated to another party with a corresponding interest
or duty.  See Saudi, 2004 Tex. App. LEXIS at **20-21; Austin v. Inet
Techs., Inc., 118 S.W.3d 491, 496 (Tex. App.—Dallas 2003, no pet.); San Antonio Credit Union v. O’Connor, 115 S.W.3d 82, 99 (Tex. App.—San
Antonio 2003, pet. denied).

          Lucent offered no summary judgment
evidence to prove its affirmative defense.  Rather, its summary judgment motion
erroneously suggested that Bryant bore the burden of proving actual malice to
defeat Lucent’s affirmative defense.  Therefore, the court erred by granting
Lucent’s summary judgment motion on Bryant’s defamation claim.

          Accordingly, we sustain Bryant’s
fourth issue.

Conclusion

We affirm the judgment as to Bryant’s claims for
wrongful termination, intentional infliction of emotional distress, and assault
and battery.[4] 
We reverse the judgment as to Bryant’s defamation claim and remand this cause
to the trial court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed in part, 

Reversed and remanded
in part

Opinion delivered and
filed July 6, 2005

[CV06]

 

          









[1]
          The elements for intentional
infliction of emotional distress are: “(1) the defendant acted intentionally or
recklessly; (2) the defendant’s conduct was extreme and outrageous; (3) the
defendant’s actions caused the plaintiff emotional distress; and (4) the
resulting emotional distress was severe.”  Hoffman-La Roche, Inc. v.
Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004).





[2]
          This quotation originates with
the Restatement (Second) of Torts.  See Hoffman-La Roche, 144 S.W.3d at
445 (quoting Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement
(Second) of Torts § 46 cmt. d (1965))).





[3]
          The parties devote much
discussion in their briefs to the issue of whether Lucent published any
defamatory statements, but the issue of publication was not asserted as a
ground for relief in Lucent’s summary judgment motion.  Therefore, we do not
address it on appeal.  See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d
623, 625 (Tex. 1996); Protective Life Ins. Co. v. Russell, 119 S.W.3d 274,
285 (Tex. App.—Tyler 2003, pet. denied); Fletcher v. Edwards, 26 S.W.3d 66,
74 (Tex. App.—Waco 2000, pet. denied).





[4]
          Because Bryant does not
challenge the court’s take-nothing judgment on her remaining claims (breach of
contract, negligent supervision, and fraud), we leave that portion of the
judgment undisturbed.  See Pat Baker Co. v. Wilson, 971 S.W.2d 447,
450-51 (Tex. 1998) (per curiam); Builders Transport, Inc. v. Grice-Smith,
No. 10-01-00130-CV, 2005 Tex. App. LEXIS 1839 at *31 (Tex. App.—Waco Mar. 9, 2005),
modified, 2005 Tex. App. LEXIS 4111 (Tex. App.—Waco May 25, 2005, no
pet. h.).