ACCEPTED
06-14-00106-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/30/2015 10:44:46 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00106-CV

IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/30/2015 10:44:46 AM
DEBBIE AUTREY
Clerk

PETER G. MILNE, INDIVIDUALLY, PETER G. MILNE P.C., & HEALEY, MILNE & ASSOCIATES, P.C.

*Appellants*

v.

VAL RYAN & JOY RYAN

*Appellees*

Appeal from the 4th Judicial District Court
Rusk County, Texas

REPLY BRIEF FOR APPELLANTS

J. CHAD PARKER
Cparker@theparkerfirm.net
Bar Card No: 15489000
FORREST F. MAYS
Fmays@theparkerfirm.net
Bar Card No: 24072228
THE PARKER FIRM, P.C.
3808 Old Jacksonville Rd.
Tyler, Texas 75701
(903) 595-4541 - telephone
(903) 595-2864 - facsimile

Attorneys for Appellants Peter G. Milne,
Ind., Peter G. Milne, P.C.,

PETER G. MILNE
Pmilne@tylertaxlaw.com
Bar Card No. 24037118
327 W. Houston St.
Tyler, Texas 75702
903-593-9300 - telephone
903-593-9325 - facsimile
Attorneys for Appellant Milne &
Associates, P.C.

i

## IDENTITY OF PARTIES AND COUNSEL

**Appellants/Defendants**

Peter G. Milne, Individually
Peter G. Milne, P.C.
Healy, Milne & Associates, P.C.

**Counsel for Appellants**

**J. CHAD PARKER**
Bar Card No: 15489000
**FORREST F. MAYS**
Bar Card No: 24072228
THE PARKER FIRM, P.C.
3808 Old Jacksonville Rd.
Tyler, Texas 75701

Attorneys for Appellants Peter G. Milne, Ind., & Peter G. Milne, P.C.,

**PETER G. MILNE**
Bar Card No. 24037118
327 W. Houston St.
Tyler, Texas 75702

Attorneys for Appellant Healy, Milne & Associates, P.C.

**Appellees/Plaintiff**

Val Ryan
Joy Ryan

**Counsel for Appellees**

James A. Holmes
State Bar No. 00784290
212 South Marshall
Henderson, Texas 75654

John R. Mercy
State Bar No. 13947200
1724 Galleria Oaks Drive
Texarkana, Texas 75503

Attorneys for Appellees Val & Joy Ryan

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ ii-iii

INDEX OF AUTHORITIES ................................................................ iv-v

REPLY TO POINTS RAISED IN APPELLEES' BRIEF ................................................

I.      The Appellants have standing to appeal portions of class certification order pertaining to the Hicks' Defendants because Appellees seek to have Appellants held vicariously liable for that conduct ................................1–2

II.     Appellees' argument that class is "present ascertainable" fails to appreciate differences in how the Injunction treats services rendered by the Hicks' Defendants alone versus those rendered in conjunction with a licensed attorney and how this dooms the trial court's class definition..................3

III.    Appellees' argument that Hicks' Defendants conduct was unconscionable as a matter of law relies on inapposite case law and statutes and eschews the rigorous analysis required for class certification ................................................................ 3–5

IV.     Appellees' argument in support of typicality ignores vital differences between experiences of proposed class members and relies on same failed reasoning that dooms the class definition ................................................ 5–6

V.      Appellees' argument that the money damages sought flow directly from the requested declaration ignores a vital prong of the inquiry and is merely used to shoehorn a damages claim into a claim for declaratory relief.............. 7–9

CONCLUSION AND PRAYER ........................................................................9–10

CERTIFICATE OF COMPLIANCE WITH RULE 9.4(E) ................................................. 10

CERTIFICATE OF SERVICE ................................................................................. 11

# INDEX OF AUTHORITIES

**Cases**

*Allison v. Citgo Petroleum Corp.*,
151 S.W.3d 402 (5th Cir. 1998) .................................................................7

*Bailey v. Kemper Casualty Ins. Co.*,
83 S.W.3d 840 (Tex. App. – Texarkana 2002, pet dism'd w.o.j) ............6

*Bhatia v. Piedrahita*,
756 F.3d 211, 218 (2d Cir. 2014) ...........................................................2

*Bolin v. Sears, Roebuck & Co.*,
231 F.3d 970 (5th Cir. 2000) ...............................................................7, 8

*Bratcher v. Monumental Life Ins. Co.*,
365 F.3d 408 (5th Cir. 2004) ................................................................. 7

*Builders Transp., Inc. v. Grice-Smith*,
167 S.W.3d 18 (Tex. App. – Waco 2005, pet. denied) ............................ 2

*Ex parte Elliot*,
815 S.W.2d 251 (Tex.1993) ................................................................. 1

*In re Turner Bros. Trucking Co.*,
8 S.W.3d 370 (Tex. App. – Texarkana 1999, no pet.) ............................ 4

*Ski River Dev., Inc. v. McCalla*,
167 S.W.3d 121 (Tex. App. – Waco 2005, pet. denied) .......................... 4

*Sonat Exploration Co. v. Cudd Pressure Control, Inc.*,
271 S.W.3d 228 (Tex.2008) ................................................................. 1

*Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*,
642 S.W.2d 160 (Tex.1982) ...................................................................... 2

**Statutes**

Tex. Bus. & Com. Code § 2.302(a) ........................................................ 4

Tex. Bus. & Com. Code Ann. § 17.45(5) (Vernon Supp.1998) ....................4, 8, 9

**Rules**

Tex. R. Civ. P. 42 ................................................................................. 7

Fed. R. Civ. P. 23 ................................................................................ 7, 8

**I.** **The Appellants have standing to appeal portions of class certification order pertaining to the Hicks' Defendants because Appellees seek to have Appellants held vicariously liable for that conduct**

Appellees cited to several cases for the proposition that Appellants' do not have standing to appeal certain portions of the district court's class certification order because those portions of the order do not "injuriously affect" Appellants. *See* Brief of Appellees at pp. 9–12. However, only one of those cases dealt with the issue in the context of a class certification order with that case being clearly distinguishable. Moreover, the general rule that "appealing parties may not complain of errors that do not injuriously affect them or that merely affect the rights of others" has been held not to apply where the rights of the "appealing and nonappealing parties 'are so interwoven and dependent on each other as to require a reversal of the entire judgment.' " *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236–37 (Tex.2008) (quoting *Ex parte Elliot*, 815 S.W.2d 251, 251 (Tex.1993) (per curiam)). In this case, Appellees seek to have Appellants held liable under theories of partnership liability, joint enterprise liability, and civil conspiracy, for the conduct alleged to be unconscionable and in breach of the Hicks' Defendants fiduciary duty to the proposed Class. 1CR:144–161; 1CR:165–167; 1CR:263–264; 1CR:316–320. Courts have held that reversal of judgment is proper even where one defendant did not appeal and other defendant did appeal when issue of vicarious liability is at play.

*See Builders Transp., Inc. v. Grice-Smith*, 167 S.W.3d 18, 20 (Tex. App. – Waco 2005, pet. denied)(holding that claims against employee and employer based upon vicarious liability are significantly interwoven such that employee's failure to appeal did not prevent reversal of entire judgment)(citing *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982)).

The *Bhatia* case cited by Appellees is inapposite to the facts of this case and not controlling. In that case, the court held to the general rule that a non-settling defendant generally lacks standing to object to a court order approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement. *See Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014). The instant case does not involve settling and non-settling defendants in the class context. As such, the general rule for standing enunciated by the Texas Supreme Court should control the Court's disposition of the standing issue. Clearly, Appellants are prejudiced and injuriously affected by the district court's Certification Order by virtue of the vicarious liability theories certified that make the rights of the Appellants and Hicks Defendants so interwoven and dependent on each other that Appellants' justiciable interests are clearly implicated by the portions of the Certification Order that certify claims against the Hicks' Defendants directly.

**II.**   **Appellees' argument that class is "present ascertainable" fails to appreciate differences in how the Injunction treats services rendered by the Hicks' Defendants alone versus those rendered in conjunction with a licensed attorney and how this dooms the trial court's class definition**

Appellees' own Statement of Facts contains the relevant text necessary to address this point and even emphasizes the text that renders the district court's Certification Order erroneous. *See* Appellees' Brief at 1–2. The Hicks' Defendants are enjoined from performing those services listed as a-l ***unless*** certain conditions are complied with by the Hicks' Defendants. *See id.* at 1. Because a significant portion of the proposed class constitute persons for whom the Hicks Defendants' performed services in conjunction with a licensed attorney, they are not presently ascertainable without a determination on the merits. Not only that, but there are other determinations that must be made on the merits before the class is clearly ascertainable. Those determinations have already been spelled out in Appellants' Brief. *See* Brief of Appellants at p. 8.

**III.**   **Appellees' argument that Hicks' Defendants conduct was unconscionable as a matter of law relies on inapposite case law and statutes and eschews the rigorous analysis required for class certification**

Appellees cite to various cases and other portions of the Texas Business & Commerce Code for the proposition that unconscionability is frequently determined as a matter of law and that such a determination is appropriate to this case. Appellees' suggested approach essentially renders the commonality inquiry unimportant depending upon the particular factual circumstance faced by the certifying court.

Appellees cite to case law and statutes that do not apply to the claims being made by Appellees and seek to circumvent the rigorous analysis required of the district court instead advocating the "certify now, worry later" approach rejected by the Texas Supreme Court.

Appellees cite to cases involving written contracts on which the "ultimate issue of unconscionability of a contract is one of law to be decided by the courts", *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App. – Waco 2005, pet. denied)(determining unconscionability of written lease); *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 375 (Tex. App. – Texarkana 1999, no pet.)(determining unconscionability of arbitration agreement with employee). They also cite to Tex. Bus. & Com. Code § 2.302(a) to support their claim that unconscionability is appropriately resolved as a matter of law. However, Appellees have not brought their unconscionability claims under a contract theory of recovery but under Tex. Bus. & Com. Code § 17.45(5) for which "unconscionable action or course of action" is specifically defined. The specific elements underlying that claim necessarily require particularized inquiries into whether the Hicks' Defendants conduct took advantage of the proposed Class members "lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Moreover, Tex. Bus. & Com. Code § 2.302(a) applies to contracts involving the sale of goods which are not involved here and do not involve the precise definition for unconsionability assigned to § 17.45(5).

Appellees are seeking to morph their unconscionability claims into another cause of action or theory where unconscionability is measured as a matter of law by the courts so as to circumvent the commonality requirement required to properly certify a class. This is improper. The commonality requirement has not been met and certification of the unconscionability cause of action was error.

**IV.    Appellees' argument in support of typicality ignores vital differences between experiences of proposed class members and relies on the same failed reasoning that dooms the class definition**

Appellees insist that Hicks' conduct that allegedly violated the Injunction is the course of conduct that makes Appellees claims typical of the class as a whole. Appellees seek to point out that the lack of a contract is an insignificant difference that will not defeat typicality. However, Appellants pointed out the lack of a "contract" or "letter agreement" as one of the key reasons that differentiated the experience of certain proposed Class members from Appellees in that the "contract" or "letter agreement" often, if not every time, specifically delineated the roles that the Hicks Defendants would have versus those the Appellants would have in the rendition of services, contained certain disclaimers regarding the Hicks' Defendants non-lawyer status and regarding certain commissionable services that they exclusively provided. The lack of any reference to Appellants in materials recovered from Hicks' files pertaining to numerous members of the proposed class also portrays

a significant difference from that experienced by Appellees since they testified that they believed Appellants were involved based upon Hicks' representations and the materials he presented to them. Finally, the most glaring difference is between those proposed Class members that the Hicks Defendants and Appellants dealt with conjunctively and for whom Hicks believed, at least at one time, he was rendering services for in compliance with the Injunction. These differences are not trivial and they are sufficient to defeat typicality.

Appellees argument is also based on the same flawed reasoning that supports its claim that the class definition is "clearly ascertainable". They analogize this case to the *Bailey* case and assert that Appellees' claim arise from the same course of conduct and same legal theories as those of the class as a whole – namely that the Hicks Defendants provided enjoined services. *See* Br. of Appellee at 21. Just as with the "clearly ascertainable" inquiry, Hicks conduct cannot be viewed in a vacuum when it comes to the typicality analysis. The Appellants involvement in conjunction with the Hicks Defendants exposes another discrete class whose claims, if any, are not typical of Appellants.

**V.      Appellees' argument that the money damages sought flow directly from the requested declaration ignores a vital prong of the inquiry and is merely used to shoehorn a damages claim into a claim for declaratory relief**

Appellees' argument that Rule 42(b)(2) relief is proper in this case relies solely addresses whether the damages are "incidental" to the claim for declaratory relief. However, as the case they principally rely upon in support of that argument observes, "Certification under rule 23(b)(2) is appropriate *only* if members of the proposed class would benefit from the injunctive relief they request. The question whether the proposed class members are properly seeking such relief is antecedent to the question whether that relief would predominate over money damages." *Bratcher v. Monumental Life Ins. Co.*, 365 F.3d 408, 416 (5th Cir. 2004). Here, Appellees skip this antecedent step and move directly to analyze whether monetary damages flow from the declaratory relief sought. In *Bratcher*, the Fifth Circuit described the approach they took in *Bolin* to analyze this two-pronged inquiry: "Before applying the *Allison* predominance test . . . we observed that '[m]ost of the class consists of individuals who do not face further harm from Sear's [sic ] actions.' Because only a negligible proportion of proposed class members were properly seeking injunctive relief, we held that rule 23(b)(2) certification was inappropriate."   365 F.3d at 416(quoting *Bolin*, 231 F.3d 970, 978 (5th Cir. 2000)). In *Bolin*, the court went on to state that "Rule 23(b)(2) states that certification is proper for a class seeking 'final

injunctive relief or *corresponding* declaratory relief.' Thus, the declaratory relief must 'as a practical matter afford[ ] injunctive relief or serve[ ] as a basis for later injunctive relief.' The extent to which the declaratory relief sought satisfies Rule 23(b)(2) is thus no greater than the extent to which the substantive statutes underlying the claim for declaratory relief satisfy Rule 23(b)(2)." *Bolin*, 231 F.3d at 978–79 (5th Cir. 2000)(emphasis in original).

Appellees fail to meet either one of these requisites. First, the declaratory relief in and of itself provides nothing to the proposed Class members. As in *Bolin*, the declaration that Appellants and the Hicks Defendants are in violation of the Injunction does not provide any meaningful injunctive or declaratory relief because there is no showing that class members are in jeopardy of further harm from Appellants or the Hicks Defendants. Secondly (and subject to the foregoing), there are no *underlying claims* upon which monetary relief will automatically flow from the declaration sought by Appellees.[1] By example, Appellees do not seek a "declaration that Appellants and the Hicks Defendants violated Tex. Bus. & Com. Code §17.45(5) with respect to the Class as a whole" or a "declaration that Appellants and Hicks violated a fiduciary duty to the Class as a whole."

Appellees' argument that the monetary relief sought by the proposed Class members will be subject to easy calculation only addresses part of the inquiry and

---

[1]*See* Brief of Appellant at pp. 16–17.

entirely ignores any analysis of the substance of the declaratory relief sought of which there is none.

## CONCLUSION AND PRAYER

Appellants have standing to appeal those portions of the Certification Order relating to claims against the Hicks Defendants because Appellants' rights are so intertwined with the Hicks Defendants by virtue of the theories of vicarious liability upon which Appellees seek recovery from Appellants that the Certification Order injuriously affects and prejudices Appellants.

The Certification Order improperly defines the class in that the term "enjoined services" necessarily requires a determination on the merits before the class is clearly ascertainable not to mention the issues of whether the Injunction binds Appellants or is subject to interpretation by the district court, neither issue of which was briefed by Appellees.

Unconscionability for purposes of this appeal is defined by Tex. Bus. & Com. Code §17.45(5). Appellees attempt to morph their claims into unconscionability under a contract theory of recovery to circumvent the commonality requirement for class certification and pose this as a matter of law for the district court. Individual inquiries are necessary to satisfy the unique elements of §17.45(5) unconscionability and an answer to the inquiry as to Appellees does not answer the question for the

class as a whole.

Appellees' claims are not typical of the proposed Class as their experience varied in significant aspects from proposed Class members. The typicality requirement has not been met.

Appellees' claims for declaratory relief do not meet the requisites of Tex. R. Civ. P. 42(b)(2) because they do not seek any meaningful injunctive or corresponding declaratory relief. Meeting this requirement is antecedent to the Court's determination of whether monetary relief flows directly from the injunctive or corresponding declaratory relief sought and Appellees have not made this showing. It was error to certify claims Appellees' claims declaratory judgment.

### CERTIFICATE OF COMPLIANCE WITH RULE 9.4(e)

1.  This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(e) and (i)(2)(B) because, according to the Microsoft Word 2010 word count function, it contains a total of 4,896 words on pages 7-17 of the Appellants Brief and on pages 1-10 of the Appellants Reply Brief, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(e)(i)(1).

2.  This brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in proportionally spaced typeface using Microsoft Word 2010 software in Times New Roman 14-point font in text and Times New Roman 12-point in footnotes.

/s/ J. Chad Parker
J. Chad Parker

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the *Brief of Appellant PETER G. MILNE, IND., PETER G. MILNE, P.C.* was served by electronic service and/or email to the following counsel of records on March 30, 2015.

James A. Holmes
Law Office of James Holmes, PC
212 South Marshall
Henderson, TX 75654
Via Email

John R. Mercy
Mercy Carter Tidwell, LLP
1724 Galleria Oaks Drive
Texarkana, Texas 75503
Via Email

Peter G. Milne
Peter G. Milne, PC
327 W Houston
Tyler, TX 75702
Via Email

/s/ J. Chad Parker
J. Chad Parker
