**Reversed and Remanded and Majority and Concurring and Dissenting Opinions filed March 21, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00473-CV

---

## PRIORITY ARTIFICIAL LIFT SERVICES, LLC, AND EP ENERGY E&P COMPANY, L.P., Appellants

### V.

## MICHAEL CHILES, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2016-13626**

---

## CONCURRING AND DISSENTING OPINION

Although I agree with much of the majority opinion, I respectfully dissent from the majority's remand of the entire case without addressing the remaining points of error. The majority concludes that the trial court erred when it refused the borrowed-servant question for Priority. I agree with that decision. The opinion goes on to state that it need not address EP Energy's second, third, fourth, or fifth issues or Chiles's sole issue on appeal because the entire case must be remanded. Although

the majority did review all of EP Energy's issues that, if successful, would support rendition of judgment, the majority did not review all of EP Energy's issues that could support remand or a suggestion of remittitur.

Let's consider the implications of this result. Chiles successfully obtained a verdict of liability as to EP Energy. The jury found that EP Energy was 80% at fault. Under our system of comparative responsibility, EP Energy is jointly and severally liable for the entire verdict. TEX. CIV. PRAC. & REM. CODE § 33.013(a)(b)(1). In his sole cross-issue on appeal, Chiles asked us to correct the judgment to reflect that fact. Other than a half-hearted argument as to waiver, neither defendant disagreed as to the law. Finding no waiver, I think the judgment should reflect that fact.

When Chiles reads the majority opinion and realizes he has lost his generous verdict, does he have any recourse? Could he offer to nonsuit Priority to retain the judgment against EP Energy? Could he file a post-opinion motion challenging the reversal of the judgment against EP Energy because the point of error "arises 'from the court of appeals' judgment"? *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 517–18 (Tex. 2015) (quoting *Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004) (per curiam)).[1] Certainly no party briefed the appropriate scope of remand to the Court[2] and further briefing from the parties on this issue on rehearing would be useful.

If error affects only part of a case, a partial remand under Texas Rule of Appellate Procedure 44.1 is proper if the issues are separable without unfairness to the parties. *See* TEX. R. APP. P. 44.1(b). A separate trial on unliquidated damages is unavailable if liability is contested. *Id.*; *see also Otis Elevator Co. v. Bedre*, 776

---

[1] It seems to me that, to dispose of such a motion, the majority likely would have to review the remaining issues as to the sufficiency of evidence to support certain damages.

[2] Neither defendant challenged the percentage of responsibility between them.

S.W.2d 152, 153 (Tex. 1989) (per curiam). Conversely, the Supreme Court has also concluded in a multi-party case that if one defendant was not found to have been negligent and that part of the judgment was not challenged on appeal, then the claims against that defendant should not be remanded for a new trial, even if there was error as to another defendant. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 446 (Tex. 1989). The court expressed a caveat to that rule "when the rights of the appealing and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment." *Id.* I do not think that standard applies here.

Certainly a plaintiff can bring separate lawsuits against two tortfeasors; the claims are severable. For example, if a Texas court cannot exercise personal jurisdiction over one of the defendants, a plaintiff can bring separate suits in different states. *See, e.g.*, *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam) (identical suits may be pending in different states). And a plaintiff can sue one party and discover another potential joint tortfeasor during the lawsuit that it can sue after the first case is over. *Krobar Drilling, L.L.C. v Ormiston*, 426 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Even when a plaintiff alleges that joint tortfeasors conspired in the same underlying tort, the plaintiff can sue one of the conspirators in federal court and the other in state court. *See Klinek v. LuxeYard, Inc.*, 596 S.W.3d 437, 447–48 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (sub. op. on denial of reh'g).

The majority and I agree on the legal rules as to whether a reversal and remand should be full or partial—but not its application. Are the rights of the defendants in this case so interwoven that reversal of the entire judgment is required? None of the

cases cited by the majority involves such a fact scenario. In *Turner*,[3] the court discussed an indemnity issue not present here. In both *Diamond Offshore*[4] and *Heritage Housing*,[5] the appellate courts concluded that one tortfeasor had no responsibility and there would be no way to recover that percentage of responsibility without a new trial as to the entire case. In *Ginn*[6], the court concluded that the court should have directed a verdict for the plaintiff as to liability of a defendant that the jury exonerated, and there was not another defendant in the case.

The case addressing an issue that most closely resembles the situation here is *Builders Transport, Inc. v. Grice-Smith.*[7] In that case, Smith was killed while riding in a commercial vehicle owned by Builders Transport and driven by its employee Landry.[8] The jury found that Landry was 55% responsible, Landry's employer Builders Transport was 30% responsible, and Smith was 15% responsible.[9] Because Builders Transport was vicariously liable for Landry's negligence, the trial court's judgment required Builders Transport to pay 85% of the damages that the jury awarded to Smith's survivors.[10] The Tenth Court of Appeals found charge error, and because Builders Transport was both directly liable for its own negligence and

---

[3] *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex. 1982).

[4] *Diamond Offshore Drilling, Inc. v. Black*, 652 S.W.3d 463, 481–83 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

[5] *Heritage Hous. Dev., Inc. v. Carr*, 199 S.W.3d 560, 570 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (sub. op.).

[6] *Ginn v. Pierce*, 595 S.W.3d 762, 768 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

[7] 167 S.W.3d 18, 19–20 (Tex. App.—Waco 2005, pet. denied) (per curiam) (op. on reh'g) ("*Builders Transport II*").

[8] *See Builders Transp., Inc. v. Grice-Smith*, 167 S.W.3d 1, 5 (Tex. App.—Waco 2005) ("*Builders Transport I*"), *judgm't withdrawn and superseded on reh'g*, 167 S.W.3d 18 (Tex. App.—Waco 2005, pet. denied).

[9] *Id.* at 14.

[10] *Id.*

vicariously liable for Landry's negligence, Builders Transport asked the trial court to reverse the judgment as to both of them and remand the case.[11]

The reviewing court initially left the judgment against Landry intact, noting that under the then-current version of Civil Practice and Remedies Code section 33.004, Builders Transport could submit Landry's liability to the jury by naming him as a responsible third party;[12] however, Builders Transport pointed out in a successful motion for rehearing that the case was governed by an earlier version of section 33.004, under which Landry could not be designated as a responsible third party.[13] The reviewing court therefore reversed the judgment in its entirety and remanded the case.[14]

The same analysis applies here—and in this case, which is governed by the current version of section 33.004, EP Energy can be designated as a responsible third party. Thus, if we were to find no error as to the judgment against EP Energy, we could leave that part of the judgment intact and remand the case for a new trial against Priority alone.

How then would a new trial only as to Priority go forward? At that point, our rather complicated rules for contribution, responsible third-party law, settling parties, and the one-satisfaction rule would come into play. Priority would be able to take advantage of those laws on re-trial. Chiles would not get a double recovery but could still be fully compensated.[15]

---

[11] *Id.*

[12] *Id.* at 14–15 (citing Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.02, 4.04, & 4.10, 2003 TEX. GEN. LAWS 847, 855–56 & 859) (amended 2011).

[13] *Builders Transport II*, 167 S.W.3d at 19–20.

[14] *Id.* at 20.

[15] *See Krobar*, 426 S.W.3d at 111–12 (one-satisfaction rule does not bar separate suits against different defendants for the same injury).

The majority concludes that a full remand would benefit EP Energy—and I agree with them. But should EP Energy get that benefit if we have found no error as to EP Energy's liability or as to the damages?

Ultimately, however, it does appear to me that there are other errors in the trial court that would warrant a remand of the entire case. In particular, many elements of damages seem unsupported by sufficient evidence. But the majority declined to address those points. Although I have titled this a concurring and dissenting opinion, I think the case ultimately should be reversed in its entirety—if a suggestion of remittitur is inappropriate or rejected. Thus, I concur in the majority's judgment but dissent from the majority's failure to first examine the unsupported damage elements to determine whether a suggestion of remittitur is appropriate.


/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan (Hassan, J., majority).